**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Justin Chimienti, | **Case No.: 1:22-cv-02880** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| vs. | |
| Wendy's International, LLC, and McDonald's Corporation. | |
| Defendants. | |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Justin Chimienti, by and through his undersigned counsel, upon personal knowledge as to himself and upon information and belief as to all other matters, allege as follows:

1.      Plaintiff brings this action against defendants Wendy's International, LLC ("Wendy's"), and McDonald's Corporation ("McDonald's), (together at times referred to herein as "Defendants"), on behalf of himself and all other similarly situated individuals who purchased a Wendy's or McDonald's menu item based on false and misleading advertising concerning the size of the beef patty and/or the amount of ingredients or toppings contained in said menu item.

## **FACTUAL ALLEGATIONS**

2.      This is a class action against Wendy's and McDonald's for unfair and deceptive trade practices concerning the sale of certain falsely advertised menu items.

**Wendy's Materially Overstates the Size of Its Beef Patties and Toppings**

3.      Wendy's advertises its burgers as large burgers compared to competitors and containing thick and juicy beef patties stuffed with toppings to make it appear that the burgers are substantially larger in size than the actual burger served to customers.

4.      For example, Wendy's currently represents that the Bourbon Bacon Cheeseburger looks as follows on its website and store menu ordering boards:



*See*      https://order.wendys.com/product/31298/bourbon-bacon-cheeseburger.

5.     The commercial for the Bourbon Bacon Cheeseburger displays the burger as follows:



*See*   https://youtu.be/hFyOUTS3JBU?t=2.

6.     However, the Bourbon Bacon Cheeseburger that is regularly served to customers looks as follows:



3

*See*      https://youtu.be/HfI0LoEzR7g?t=162.

7.      Wendy's materially overstates the amount of toppings on the Bourbon Bacon Cheeseburger and materially overstates the thickness of the beef patty contained therein.

8.      The beef patties that Wendy's uses for its advertisements are not fully cooked to make it appear that they are approximately 15-20% larger than the beef patties that are actually served to customers.

9.      In general, meat shrinks 25% when cooked.

10.     A food stylist for Wendy's has admitted that she tricks and deceives customers by using undercooked patties in burger advertisements.

11.     "Food stylist Ellie Stern says she prefers to use burgers that are undercooked in photos. That ensures a big, plump patty, whereas fully cooked burgers tend to shrink and look less appetizing." *See* https://www.moneytalksnews.com/how-they-make-fast-food-look-good/.

12.     According to Ellie Stern's website, her recent clients include Wendy's and McDonald's.  *See* https://www.elliestern.com/about/.

13.     Wendy's materially overstates the amount of toppings and the size of the beef patties for nearly every menu item in its current advertisements, including the Big Bacon Cheddar Cheeseburger, the Big Bacon Cheddar Cheeseburger Double, the Big Bacon Cheddar Cheeseburger Triple, the Bourbon Bacon Cheeseburger, the Bourbon Bacon Cheeseburger Double, the Bourbon Bacon Cheeseburger Triple, Dave's Single, Dave's Double, Dave's Triple, the Baconator, the Son of Baconator, the Big Bacon Classic, the Big Bacon Classic Double, the Big Bacon Classic Triple, the Bacon Double Stack, the Jr. Bacon Cheeseburger,

the Jr. Cheeseburger Deluxe, the Jr. Cheeseburger, and the Double Stack (each of these items are referred to at times herein as an "Overstated Wendy's Menu Item").

14.   For example, the current advertisement for the Dave's Single burger on Wendy's website and store menu ordering boards compared to the actual burger served to customers is as follows:

**ACTUAL DAVE'S SINGLE**                    **CURRENT ADVERTISEMENT**

    

*See*    https://youtu.be/Q-leCr5bjYU?t=86;
https://order.wendys.com/product/30000/daves-single.

15.   Many food reviewers have recently criticized Wendy's for serving smaller menu items than advertised.

16.   For example, a food reviewer, with a Youtube channel named Natalino Reviews, compared the Bourbon Bacon Cheeseburger to the advertisement and stated "this don't look like the picture….Why is this burger so small?....It looks so big in the picture."  *See* https://youtu.be/HfI0LoEzR7g?t=106.

17.     Natalino Reviews posted the following side-by-side comparison of the Bourbon Bacon cheeseburger as advertised to the actual burger received:



*See*     https://youtu.be/HfI0LoEzR7g?t=163.

18.     A food reviewer, with a Youtube channel named Hogs Fan 4 Life, reviewed the Bourbon Bacon Cheeseburger and stated that "when you go order…you look at the sign and think it's going to be a big burger, don't expect that, because it's going to be a small burger folks.  I am just telling you straight up what to expect so you won't be disappointed like me." *See* https://youtu.be/GaQHcGPcGG0?t=85.

19.     A food reviewer, with a Youtube channel named SomethingNew, reviewed the Dave's Single burger and stated "I don't know what's going on here guys, um, they don't look anything like the marketing."  *See* https://youtu.be/tb3AO-hRqeM?t=131.

20.     A food reviewer, with a Youtube channel named Adaryl Fisher Reviews, reviewed the Dave's single burger compared to the advertisement and stated "…this is worth a dollar…this is not no five-dollar burger." *See* https://youtu.be/Q-leCr5bjYU?t=104.

21.     A food reviewer, with a Youtube channel named Central Mass Food Reviews, reviewed the Bourbon Bacon Cheeseburger and stated "the size of this thing is very underwhelming…[and]…the picture looks like this huge over stacked thing…."   *See* https://youtu.be/6DspTZAsA68?t=208.   Central Mass Food Reviews posted the following thumbnail for its Bourbon Bacon Cheeseburger review:



22.     A food reviewer, with a Youtube channel named Keely, reviewed the Bourbon Bacon Cheeseburger and stated "[i]t's looking a little sad a bit, not like the picture honestly." *See* https://youtu.be/YjU00F2TH9k?t=10.

23.     In an article published by Insider.com, titled "I spent over $120 to try every burger at Wendy's, and the best is a classic", the author reviewed the Double Stack burger and stated "First Impression: In real life, this burger looked a lot smaller than the picture…."   *See* https://www.insider.com/eating-all-of-the-burgers-on-wendys-menu-review-photos.

24.     Several consumers posted complaints on Twitter complaining about the size of several menu items.  Some examples include the following:



zakiya Taylor
@tannehbae19                                          ...

@Wendys. Damn Wendy where's the beef? My
sandwich is dry and small. Nothing like the picture.



12:38 PM · Jan 12, 2022 · Twitter for Android



**Kate Alstadt**
@katealstadt

···

Expectation vs. reality with the Bourbon Burger at
@Wendys .



8:08 PM · Jun 25, 2021 · Twitter for iPhone

1 Like



**JayFiggy | Content Creator**
@JayFig225                                                    ...

@Wendys this is supposed to be your new Bourbon Bacon Burger??! This is not worth $9. Y'all tripping. Look at this...



2:43 PM · Nov 28, 2021 · Twitter for iPhone



**JC White**
@J_Coleman_W

···

@Wendys This literally looks nothing like the bourbon bacon burger pic? Y'all played me. Not cool.



10:45 PM · Nov 15, 2021 · Twitter for iPhone

 **AngryLarryDFS**
@AngryLarryDFS                                    ···

$10 bourbon bacon cheeseburger meal where the burger isn't even as thick as nugget sauce. @Wendys Where's the beef?



5:19 PM · Jun 11, 2021 · Twitter for Android



**Brynell Ballard jr**
@JaeBallard

···

Luuuuccccccyyyyy.....Ju got some splaining to do ....$15 dollars huh 🤦‍♂️ You guys better promote this bourbon burger the way it really is @Wendys



10:15 PM · May 19, 2021 · Twitter for iPhone



**cryptorabbit.eth**
@Rickb1415

...

Damn @Wendys what is this crap? Try you new bourbon bacon cheeseburger meal that cost me $11, get home and the burger looks like it should be in the dollar menu.... you can do better than that



9:39 PM · May 9, 2021 · Twitter for Android



**Stephanie**
@AutheticChibi

...

@Wendys big bacon cheddar cheeseburger is sad. And when I called your supervisor at my local Wendy's did not seem to really care. Sad since I generally enjoy Wendy's. Cheddar cheese sauce that is not really sauce and it's cold as well. #superyummy



3:05 PM · Sep 1, 2021 · Twitter for iPhone



**Justin Van Zuiden**
@stlcardinals84

...

This is my Jr Bacon Cheeseburger from @Wendys

What you see is the entire sandwich



9:37 PM · May 9, 2022 · Twitter Web App

2 Quote Tweets   9 Likes

**McDonald's Materially Overstates the Size of Its Beef Patties**

25.     McDonald's also materially overstates the size of its beef patties using the same deceptive practice as Wendy's.

26.     The beef patties that McDonald's uses for its advertisements are not fully cooked to make it appear that they are approximately 15-20% larger than the beef patties that are actually served to customers.

27.     For example, the current advertisement for the Cheeseburger on McDonald's website and store menu ordering boards looks as follows:



*See*     https://www.mcdonalds.com/us/en-us/product/cheeseburger.html.

28.     However, the actual cheeseburger that customers receive looks as follows:



*See*   https://www.insider.com/the-best-and-worst-burgers-at-mcdonalds-ranked-2019-11.

29.    As can be seen from above, the advertisement for the McDonald's Cheeseburger shows the beef patty extending all the way to the edge of the bun.

30.    However, the actual cheeseburger that a customer receives has a materially smaller beef patty that comes nowhere near the edge of the bun and cannot even be seen in the above photograph.

31.    A Youtube video from a McDonald's employee further shows how much the Cheeseburger beef patty shrinks after it is fully cooked:

19



*See*      https://youtu.be/hC74VQEGzik?t=129.

32.     A food stylist for McDonald's has admitted that she tricks and deceives customers by using undercooked patties in burger advertisements.

33.     "Food stylist Ellie Stern says she prefers to use burgers that are undercooked in photos. That ensures a big, plump patty, whereas fully cooked burgers tend to shrink and look less appetizing." *See* https://www.moneytalksnews.com/how-they-make-fast-food-look-good/.

34.     According to Ellie Stern's website, her recent clients include Wendy's and McDonald's.  *See* https://www.elliestern.com/about/.

20

35.     In general, meat shrinks 25% when cooked, depending upon the amount of fat and liquid contained in the meat.

36.     McDonald's only sears the outside of the patty it uses for its advertisements, but it does not fully cook the patty so to deceive customers.

37.     McDonald's materially overstates the size of the beef patties for nearly every menu item in its current advertisements, including the Big Mac, the Quarter Pounder, the McDouble, the Cheeseburger, the Double Cheeseburger, and the Hamburger (each of these items are referred to at times herein as an "Overstated McDonald's Menu Item").

38.     Defendants' advertisements for its burger and menu items are unfair and financially damaging consumers as they are receiving food that is much lower in value than what is being promised.

39.     Defendants' actions are especially concerning now that inflation, food, and meat prices are very high and many consumers, especially lower income consumers, are struggling financially.

40.     Defendants' promise to consumers of a large portion of food with their purchase are also causing consumers to come to, or order from, Defendants' restaurants and make purchases that they would not have otherwise made.

41.     Defendants are also unfairly competing with burger restaurants that more fairly advertise the size of their burgers and menu items.

42.     Defendants advertise larger portions of food to steer consumers to their restaurants for their meals and away from competitors that more fairly advertise the size of their burgers and menu items, unfairly diverting millions of dollars in sales that would have gone to competitors.

43.     Plaintiff, on behalf of himself and all others similarly-situated, seek to end Defendants' unfair and materially misleading advertising and request the following: 1) monetary damages fully compensating all individuals who were deceived by Defendants as a result of purchasing an overstated menu item; 2) injunctive relief requiring Defendants to provide corrected advertising and/or to discontinue the overstated menu items; and 3) such other relief as the Court deems necessary and appropriate.

## THE PARTIES

44.     Plaintiff Justin Chimienti is a resident of the state of New York.  During the Class Period (defined below), Mr. Chimienti purchased a Bourbon Bacon Cheeseburger and a Big Bacon Cheddar Cheeseburger at a Wendy's store located in the state of New York, within the Court's district.  During the Class Period (defined below), Mr. Chimienti also purchased a Big Mac and a cheeseburger at a McDonald's store located in the state of New York, within the Court's district.  Mr. Chimienti expected the burgers that he purchased to be similar in size to the pictures of the burgers in Defendants' advertisements and on Defendants' store menu ordering boards.  However, the size of the burgers that Mr. Chimienti received were much smaller than advertised and he was financially damaged as a result.

45.     Defendant Wendy's International, LLC, is an Ohio limited liability company, with its headquarters located in Dublin, Ohio.  Wendy's conducts business, directly or indirectly, in this state under the name Wendy's.

46.     Defendant McDonald's Corporation is a Delaware Corporation, with its headquarters located in Chicago, Illinois.  McDonald's conducts business, directly or indirectly, in this state under the name McDonald's.

## JURISDICTION AND VENUE

47.     This Court has original diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").  Plaintiff is a citizen of the State of New York and Defendant Wendy's is a citizen of the State of Ohio and is headquartered with its principal place of business in the state of Ohio.  Defendant McDonald's is a citizen of the State of Delaware and is headquartered with its principal place of business in the state of Illinois. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which the number of members of the proposed class is not less than 100.

48.     In addition, this Court has diversity jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(a).  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and certain members of the proposed class are citizens of states different from the states in which Defendants are citizens.

49.     Venue is proper pursuant to 28 U.S.C. § 1391.  A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.  Further, Defendants reside in this judicial district for purposes of § 1391.  Also, Defendants have used the laws within, and has done substantial business in, this judicial district in that they have promoted, marketed, distributed, and sold the products at issue in this judicial district.  Finally, there is personal jurisdiction over Defendants in this judicial district.

## CLASS ACTION ALLEGATIONS

50.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3) on behalf of the following class:

> All persons or entities in the United States who purchased an Overstated Wendy's Menu Item or an Overstated McDonald's Menu Item between May 1, 2016 (the "Class Period"), and the date of the final disposition of this action, and/or such class or subclass as the Court may deem appropriate (the "Class").

51.     Plaintiff reserves the right to amend the definition of the Class if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

52.     Plaintiff reserves the right to establish sub-classes as appropriate.

53.     This action is brought and properly may be maintained as a class action under the provisions of Federal Rules of Civil Procedure 23(a)(l)-(4) and 23(b)(2) and (b)(3), and satisfies the requirements thereof.

54.     There is a well-defined community of interest among members of the Class, and the disposition of the claims of these members of the Class in a single action will provide substantial benefits to all parties and to the Court.

55.     The members of the Class are so numerous that joinder of all members of the Class is impracticable. At this time, Plaintiff believes that the Class includes thousands of members.  Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(l), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

56.     Plaintiff's claims are typical of the claims of the members of the Class whom he seeks to represent because Plaintiff and each member of the Class has been subjected to the same deceptive and improper practices by Defendants and have been damaged in the same manner.

57.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff has no interests that are adverse to those of the members of the Class that he seeks to represent.  Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel that is competent and experienced in handling complex class action litigation on behalf of consumers.

58.     A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this Complaint under Federal Rule of Civil Procedure 23(b)(3) because:

    a.   The expense and burden of individual litigation would not be economically feasible for members of the Class to seek to redress their claims other than through the procedure of a class action.

    b.   If separate actions were brought by individual members of the Class, the resulting multiplicity of lawsuits would cause members to seek to redress their claims other than through the procedure of a class action; and

    c.   Absent a class action, Defendants likely would retain the benefits of their wrongdoing, and there would be a failure of justice.

59.     Common questions of law and fact exist as to the members of the Class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions that affect individual members of the Class within the meaning of Federal Rule of Civil Procedure 23(b)(3).

60.     The common questions of fact include, but are not limited to, the following:

a.   Whether the nationwide practice by Defendants of selling falsely advertised menu items violates the applicable consumer protection statutes;

b.   Whether Defendants engaged in unlawful, unfair, misleading, or deceptive business acts or practices;

c.   Whether Defendants engaged in consumer fraud, deceptive trade practices, or other unlawful acts;

d.   Whether Defendants made any negligent misrepresentations;

e.   Whether Defendants were unjustly enriched; and

f.   Whether Plaintiff and members of the Class are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

61.     In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole and necessitating that any such relief be extended to members of the Class on a mandatory, class-wide basis.

62.     Plaintiff is not aware of any difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

### **COUNT I**
### **Violation of State Consumer Protection Laws**

63.     Plaintiff incorporates by reference the allegations in every paragraph of this complaint.

26

64.     Plaintiff brings this claim on his own behalf and on behalf of all other persons or entities who purchased an Overstated Wendy's Menu Item or an Overstated McDonald's Menu Item based on false representations as alleged herein of said products.

65.     Plaintiff and each member of the Class is a consumer, purchaser or other person entitled to the protection of the consumer protection laws of the state in which he/she purchased an Overstated Wendy's Menu Item or an Overstated McDonald's Menu Item.

66.     The consumer protection laws of the state in which Plaintiff and each member of the Class who purchased an Overstated Wendy's Menu Item or an Overstated McDonald's Menu Item declare that unfair or deceptive acts or practices in the conduct of trade or commerce are unlawful.

67.     Each of the fifty states and the District of Columbia have enacted statutes designed to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising.  These statutes are:

    a.  Alabama Deceptive Trade Practices Act, Ala. Statues Ann. §§ 8-19-1, *et seq.*;

    b.  Alaska Unfair Trade Practices and Consumer Protection Act, Ak. Code § 45.50.471, *et seq.*;

    c.  Arizona Consumer Fraud Act, Arizona Revised Statutes, §§ 44-1521, *et seq.*;

    d.  Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et seq.*;

    e.  California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, and California's Unfair Competition Law, Cal. Bus. & Prof Code § 17200, *et seq.*;

    f.  Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.*;

g.  Connecticut Unfair Trade Practices Act, Conn. Gen. Stat § 42-110a, *et seq*.;

h.  Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, *et seq*.;

i.  District of Columbia Consumer Protection Procedures Act, D.C. Code § 28 3901, *et seq*.;

j.  Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq*.;

k.  Georgia Fair Business Practices Act, § 10-1-390 *et seq*.;

l.  Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statues § 480 1, *et seq*., and Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statutes § 481A-l, *et seq*.;

m.  Idaho Consumer Protection Act, Idaho Code § 48-601, *et seq*.;

n.  Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq*.;

o.  Indiana Deceptive Consumer Sales Act, Indiana Code Ann. §§ 24-5-0.5-0.1, *et seq*.;

p.  Iowa Consumer Fraud Act, Iowa Code §§ 714.16, *et seq*.;

q.  Kansas Consumer Protection Act, Kan. Stat. Ann §§ 50 626, *et seq*.;

r.  Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, *et seq*., and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann §§ 365.020, *et seq*.;

s.  Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401, *et seq*.;

t.  Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. § 205A, *et seq*., and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, § 1211, *et seq*.;

u.  Maryland Consumer Protection Act, Md. Com. Law Code § 13-101, *et seq*.;

v.  Massachusetts Unfair and Deceptive Practices Act, Mass. Gen. Laws ch. 93A;

w.  Michigan Consumer Protection Act, §§ 445.901, *et seq*.;

x.  Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68, *et seq*.; and Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, *et seq*.;

y.  Mississippi Consumer Protection Act, Miss. Code Ann. §§ 75-24-1, *et seq*.;

z.  Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq*.;

aa. Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code §30-14-101, *et seq*.;

bb. Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59 1601, *et seq*., and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et seq*.;

cc. Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, *et seq*.;

dd. New Hampshire Consumer Protection Act, N.H. Rev. Stat.§ 358-A:l, *et seq*.;

ee. New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 1, *et seq*.;

ff.  New Mexico Unfair Practices Act, N.M. Stat. Ann.§§ 57 12 1, *et seq*.;

gg. New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law§§ 349, *et seq*.;

hh. North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et seq*.;

ii. North Carolina Unfair and Deceptive Trade Practices Act, North Carolina General Statutes §§ 75-1, *et seq*.;

jj. Ohio Deceptive Trade Practices Act, Ohio Rev. Code. Ann. §§ 4165.01. *et seq*.;

kk. Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, *et seq*.;

ll. Oregon Unfair Trade Practices Act, Rev. Stat § 646.605, *et seq*.;

mm. Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Penn. Stat. Ann. §§ 201-1, *et seq*.;

nn. Rhode Island Unfair Trade Practices And Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1, *et seq*.;

oo. South Carolina Unfair Trade Practices Act, S.C. Code Laws § 39-5-10, *et seq*.;

pp. South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 1, *et seq*.;

qq. Tennessee Trade Practices Act, Tennessee Code Annotated §§ 47-25-101, *et seq*.;

rr. Texas Stat. Ann. §§ 17.41, *et seq*., Texas Deceptive Trade Practices Act;

ss. Utah Unfair Practices Act, Utah Code Ann. §§ 13-5-1, *et seq*.;

tt. Vermont Consumer Fraud Act, Vt. Stat. Ann. tit. 9, § 2451, *et seq*.;

uu. Virginia Consumer Protection Act, Virginia Code Ann. §§ 59.1-196, *et seq*.;

vv. Washington Consumer Fraud Act, Wash. Rev. Code § 19.86.010, *et seq*.;

ww. West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, *et seq*.;

xx. Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100.18, *et seq*.;

yy. Wyoming Consumer Protection Act, Wyoming Stat. Ann. §§ 40-12-101, *et seq*.

68. The Overstated Wendy's Menu Items and Overstated McDonald's Menu Items marketed and sold by Defendants constitute products to which these consumer protection laws apply.

69. Defendants violated the above stated consumer protection laws by their deceptive practices and Plaintiff and Class members were damaged as a result, the exact amount to be determined at trial.

**COUNT II**
**Breach of Contract**

70. Plaintiff incorporates by reference the allegations in every paragraph of this complaint.

71. Defendants, through their advertising in store and online, offered Overstated Wendy's Menu Items and Overstated McDonald's Menu Items based on the materially false and misleading advertisements described above.

72. Plaintiff and numerous other customers purchased said Overstated Wendy's Menu Items and Overstated McDonald's Menu Items based on Defendants' representations.

73.    Defendants breached their sales contracts with Plaintiff and similarly situated customers who purchased an Overstated Wendy's Menu Item or an Overstated McDonald's Menu Item.

74.    Defendants failed to disclose that the Overstated Wendy's Menu Items and Overstated McDonald's Menu Items were materially smaller than advertised.

75.    As a result of Defendants' breach of contract, Plaintiff and similar purchasers of an Overstated Wendy's Menu Item or an Overstated McDonald's Menu Item suffered damages, the exact amount to be determined at trial.

## COUNT III
### Negligent Misrepresentation

76.    Plaintiff incorporates by reference the allegations in every paragraph of this complaint.

77.    Defendants, directly or through their agents and employees, made false representations, concealments, and nondisclosures to Plaintiff and members of the Class.

78.    Defendants, through their advertising in store and online, offered Overstated Wendy's Menu Items and Overstated McDonald's Menu Items based on the materially false and misleading advertisements described above.

79.    Defendants made and intended the misrepresentations to induce the reliance of Plaintiff and members of the Class to purchase an Overstated Wendy's Menu Item or an Overstated McDonald's Menu Item.

80.    Plaintiff and numerous other customers purchased an Overstated Wendy's Menu Item or an Overstated McDonald's Menu Items based on Defendants' representations.

81.     Defendants failed to disclose that the Overstated Wendy's Menu Items and Overstated McDonald's Menu Items were materially smaller than advertised.

82.     In making the representations of fact to Plaintiff and members of the Class described herein, Defendants have failed to fulfill their duty to disclose the material facts set forth above.  The direct and proximate cause of this failure to disclose was Defendants' negligence and carelessness.

83.     Defendants, in making the material misrepresentations and omissions, and in doing the acts alleged above, knew or reasonably should have known that the representations were not true.

84.     Plaintiff and members of the Class reasonably relied upon these false representations and nondisclosures by Defendants when purchasing an Overstated Wendy's Menu Item or an Overstated McDonald's Menu Item, which reliance was justified and reasonably foreseeable.

85.     As a result of Defendants' wrongful conduct, Plaintiff and members of the Class have suffered damages, the exact amount to be determined at trial.

## COUNT IV
## Unjust Enrichment

86.     Plaintiff incorporates by reference the allegations in every paragraph of this complaint.

87.     By their wrongful acts and omissions, Defendants have been unjustly enriched at the expense of Plaintiff and members of the Class, and thus Plaintiff and members of the Class were unjustly deprived of time and value of money provided to Defendants.

88.     It would be inequitable and unconscionable for Defendants to retain the profit, benefit, and other compensation they obtained from the deceptive, misleading, unfair and unlawful conduct alleged herein.

89.     Plaintiff and members of the Class seek restitution from Defendants, and seek an order of this Court disgorging all profits, benefits, and other compensation obtained by Defendants from its wrongful conduct.

## RELIEF REQUESTED

90.     Accordingly, Plaintiff, on behalf of himself and the members of the Class, seek judgment as follows:

1.     Certifying the Class as requested herein, certifying Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as counsel for the Class;

2.     Ordering that Defendants are financially responsible for notifying all members of the Class of the alleged misrepresentations and omissions set forth herein;

3.     Awarding Plaintiff and the members of the Class compensatory damages in an amount according to proof at trial;

4.     Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and members of the Class;

5.     Awarding declaratory and injunctive relief, including: enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with Court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful or unlawful;

6.     Awarding to Plaintiff and the Class punitive damages;

7.      Ordering Defendants to stop selling Overstated Wendy's Menu Items and Overstated McDonald's Menu Items or to correct the deceptive behavior;

8.      Awarding interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action;

9.      Awarding attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

10.      Directing such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Class demand a trial by jury as to all matters so triable.

Dated: May 16, 2022

James C. Kelly
The Law Office of James C. Kelly
244 5th Avenue, Suite K-278
New York, New York 10001
T: 212-920-5042
E: jkelly@jckellylaw.com

Anthony J. Russo, Jr., P.A.
d/b/a The Russo Firm
301 West Atlantic Avenue, Suite 0-2
Delray Beach, FL 33444
T: 844-847-8300
E: anthony@therussofirm.com

Mark Anthony Panzavecchia
Panzavecchia & Associates, PLLC
1000 Franklin Ave., Suite 204
Garden City, NY 11530
T: 516-965-2854
E: mark@panzavecchialaw.com

*Co-counsel for plaintiff*
*and the proposed class*