

Squire Patton Boggs (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

O    +1 213 624 2500
F    +1 213 623 4581
squirepattonboggs.com


Adam R. Fox
T    +1 213 689 5166
adam.fox@squirepb.com

**VIA ECF**

August 4, 2022

Hon. Hector Gonzalez
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Justin Chimienti v. Wendy's International, LLC & McDonald's Corp.*, **Case No. 2:22-cv-02880 (E.D.N.Y. 2022): Pre-Motion Conference Letter for Motion to Dismiss.**

Dear Judge Gonzalez:

We write on behalf of Defendant Wendy's International, LLC ("Wendy's") pursuant to Rule IV.A.2 of this Court's governing rules to set forth the basis of a motion to dismiss we contemplate filing. In brief, this case presents a putative nationwide class action against Wendy's and McDonald's Corporation for alleged "false and misleading advertising concerning the size of the beef patty and/or the amount of ingredients or toppings contained in" the defendants' menu items. ECF 1 ¶ 1. Wendy's motion would seek to dismiss all claims against Wendy's for breach of contract, negligent misrepresentation, unjust enrichment, and violations of consumer protection statutes, and raise personal jurisdiction issues.

Remarking "of the reasonable consumer at the fast-food drive-through," the Sixth Circuit recently posited, "Does he expect that the hamburger he receives at the window will look just like the one pictured on the menu? Of course not. He knows that puffery is a fact of life." *Wysong Corp. v. APN, Inc.*, 889 F.3d 267, 271 (6th Cir. 2018). Second Circuit law is not different, as "[d]eceptive acts" are those "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)). "[C]ontext is crucial" in making this determination. *Id.* at 501 (quoting *Geffner v. Coca-Cola Co.*, 928 F.3d 198, 200 (2d Cir. 2019)). "[I]t is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Id.* at 500 (citation omitted).

Plaintiff's claim arises from his alleged subjective "expect[ation]" of the size of Wendy's burgers based on its advertising. ECF 1 ¶ 44. But the advertising makes no empirical claim about

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

any burger's dimensions, often showing just a single burger alone, such that no one could even infer the burger's dimensions. *See, e.g., id.* ¶ 4 (image). Moreover, although the Wendy's website cited in the Complaint (*id*. at ¶ 14) prominently discloses the burger's advertised weight, Plaintiff makes no allegation that any purchased burger failed to meet that standard. Various third-party sources cited in the Complaint likewise fail to support Plaintiff's claim. Indeed, the third-party website cited in Paragraph 11 fails to mention Wendy's at all, and the Complaint does not allege that the food stylist referenced in Paragraphs 11 and 12 ever worked for Wendy's on any of the advertising at issue or ever engaged in misleading practices for its products.

At most, Plaintiff's allegations regarding his subjective expectations relate to non-actionable "[p]uffery," which the law defines "as exaggerated general statements that make no specific claims on which consumers could rely." *Fishon v. Peloton Interactive, Inc.*, 2020 U.S. Dist. LEXIS 208861, at \*16-17 (S.D.N.Y. Nov. 9, 2020). Consistent with the significance of context on this inquiry, no reasonable consumer expects a fast-food hamburger to look exactly like the exemplar shown in advertising. *See, e.g., Wysong Corp.*, 889 F.3d at 271-72; *see also, e.g., Chufen Chen*, 954 F.3d at 501 (affirming dismissal because no reasonable consumer would believe that "[p]roducts . . . marketed as grab-and-go products that can be consumed in hand, without the need for a fork and knife" are made from an "unadulterated piece of meat"); *Brown v. Kellogg Sales Co.*, No. 1:20-CV-7283-ALC, 2022 U.S. Dist. LEXIS 60748, at \*8-9 (S.D.N.Y. Mar. 31, 2022) (dismissing case because a reasonable consumer would not believe that a picture of a strawberry on a frosted strawberry Pop-Tart box means that it contains only strawberries, and noting that "[c]ourts typically find misleading representations about ingredients when the product label explicitly asserts that it is made with a specific ingredient or specifies the quantity of an ingredient").

Plaintiff's consumer protection claims also fail for additional reasons. Among other things, he pleads no actionable injury in light of the reality that "the New York Court of Appeals has rejected the idea that 'consumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices, have suffered an injury under General Business Law § 349.'" *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 480-81 (S.D.N.Y. March 27, 2014) (citation omitted). Plaintiff's consumer protection claims under the laws of other states likewise fail because he simply lists them without explaining how Wendy's violated them. ECF 1 ¶ 67. The Second Circuit expressly rejects such a "laundry list" pleading stratagem, holding that state consumer protection claims should be dismissed when the complaint "does little more than list a couple dozen state statutes . . . without pleading any of their elements." *In re Aluminum Warehousing Antitrust Litig.*, 833 F.3d 151, 163 (2d Cir. 2016).

Plaintiff independently lacks standing to pursue violations of consumer protection statutes outside New York based on his allegations of New York residency and having allegedly purchased a Wendy's burger only in New York. ECF 1 ¶ 44. Each of the consumer protection statutes invoked in Count I only confers statutory standing to residents, persons who are injured within the State, or persons who suffer injuries that are otherwise closely connected to the state. *See, e.g., MyWebGrocer, Inc.v. Adlife Mktg. & Commc'ns Co.*, 383 F. Supp. 3d 307, 313 (D. Vt. 2019) (Vermont); *Chavez v. Wal-Mart Stores, Inc.*, No. CV 13-6429, 2014 U.S. Dist. LEXIS 194351, at \*9-16 (C.D. Cal. Jun. 2, 2014) (discussing thirteen states); *see also* Mass. Gen. Laws ch. 2093A, § 1(b). Plaintiff also lacks standing to seek injunctive relief because he does not allege an intent to

Squire Patton Boggs (US) LLP                                                        August 4, 2022

purchase products in the future and cannot rely on past exposure to alleged illegal conduct. *See, e.g., Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 256 (E.D.N.Y. 2014).

Plaintiff's common law claims are likewise deficient. Negligent misrepresentation under New York law requires that "the defendant had a duty, as a result of a special relationship, to give correct information." *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012). A "special relationship exists if the defendant 'possess[es] unique or special expertise' or is 'in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified.'" *Bynum v. Fam. Dollar Stores, Inc.*, No. 1:20-cv-06878 (MKV), 2022 U.S. Dist. LEXIS 49968, at *16 (S.D.N.Y. Mar. 21, 2022). No duty of care arises if the parties' relationship is merely "that of the ordinary buyer and seller," *id.*, or "the statement at issue is directed at a 'faceless of unresolved class or persons,'" *Aniero Concrete Co. v. N.Y.C. Constr. Auth.*, 1997 U.S. Dist. LEXIS 22, at *50 (S.D.N.Y. Jan. 3, 1997).

Plaintiff's breach of contract claim fails because it alleges no contractual term that Wendy's breached. Indeed, Plaintiff does not contend that the "sales contracts" alleged in the Complaint contained any term promising that the burger purchased would look exactly as advertised. *Doyle v. MasterCard Int'l, Inc.*, No. 15 CV 9360-LTS, 2016 U.S. Dist. LEXIS 173619, at *4 (S.D.N.Y. Dec. 15, 2016) (rejecting allegations based on misleading advertisements that "do not state a claim for breach of contract because they do not identify any breach of the alleged contract"). Plaintiff's unjust enrichment claim fails because it is duplicative of the other asserted claims, *see Patellos v. Hello Prods., LLC*, 523 F. Supp. 3d 523 (S.D.N.Y. 2021), and cannot survive if the underlying misrepresentation claims fail, *see Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 291 (S.D.N.Y. 2014).

Finally, the Court should dismiss those claims of non-resident class members for lack of personal jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017). The Second Circuit in *Chufen Chen* dismissed the claims of out-of-state plaintiffs in a putative class action filed in New York, explaining that the court had personal jurisdiction as to the New York plaintiff's claims, but not as to claims of out-of-state plaintiffs, which bore no relation to New York. 954 F.3d at 497. This holding should apply even more forcefully to lack of jurisdiction over alleged claims of absent, unidentified class members. *See, e.g., In re Dental Supplies Antitrust Litig.*, 2017 U.S. Dist. LEXIS 153265, at *36 (E.D.N.Y. Sep. 20, 2017) (applying *Bristol-Myers Squibb* to class claims); *see also, e.g., Stacker v. Intellisource, LLC*, No. 20-2581-JWB, 2021 U.S. Dist. LEXIS 119638, at *30 (D. Kan. June 28, 2021) ("A defendant should not be required to litigate claims that have no connection to this state solely because the claims are those of unnamed class members.").

For each of these reasons, and as will be fully explained in Wendy's motion, the court should dismiss Plaintiff's complaint in its entirety.

Respectfully submitted,

Adam R. Fox