# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF NEW YORK

JUSTIN CHIMIENTI,

*Plaintiff*,

v.

WENDY'S INTERNATIONAL, LLC, and
McDONALD'S CORPORATION,

*Defendants*.

Case No. 2:22-CV-02880-HG

The Honorable Hector Gonzalez

**WENDY'S INTERNATIONAL, LLC'S NOTICE OF MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF SAME**

PLEASE TAKE NOTICE that Defendant Wendy's International, LLC ("Wendy's") hereby moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), for entry of an order dismissing with prejudice all claims against Wendy's for the reasons set forth in the attached Memorandum in Support.

Dated: September 30, 2022

Respectfully submitted,

s/ Adam R. Fox
Adam R. Fox (5082151)
**SQUIRE PATTON BOGGS (US) LLP**
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Telephone: (213) 624-2500
adam.fox@squirepb.com

Scott A. Kane (*Pro Hac Vice*)
**SQUIRE PATTON BOGGS (US) LLP**
201 E. Fourth St., Suite 1900
Cincinnati, OH 45202
Telephone: (513) 361-1200
scott.kane@squirepb.com

*Counsel for Wendy's International, LLC*

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     PLAINTIFF'S ALLEGATIONS ...................................................................... 3

III.    ARGUMENT ..................................................................................................... 4

        A.      Governing Legal Standards................................................................... 4

        B.      Plaintiff's Consumer Protection Claim (Count I) Fails Because the
                Complaint Does Not Plausibly Allege a Deceptive Act or False
                Advertising............................................................................................. 5

        C.      Plaintiff's Consumer Protection Claims (Count I) And Negligent
                Misrepresentation Claim (Count III) Fail Because They Are Based on
                Non-Actionable Puffery........................................................................ 11

        D.      Plaintiff's Consumer Protection Claims (Count I) Fail For Other Reasons. ....... 12

        E.      Plaintiff Lacks Standing to Pursue Injunctive Relief........................... 14

        F.      Plaintiff's Common Law Claims Fail for Additional Independent Reasons. ...... 15

                1.      The Unjust Enrichment Claim Should be Dismissed Because It
                        Relies On, and is Duplicative Of, the Defective False Advertising
                        Claim........................................................................................... 15

                2.      The Negligent Misrepresentation Claim Should Be Dismissed
                        Because Plaintiff Does Not and Cannot Allege The Requisite
                        "Special Relationship." .............................................................. 17

                3.      The Breach of Contract Claim Should Be Dismissed Because
                        There Is No Contract Between Wendy's and Plaintiff. ............. 18

        G.      The Claims of Non-Resident Class Members Should Be Dismissed for
                Lack of Personal Jurisdiction............................................................... 19

IV.     CONCLUSION................................................................................................. 25

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Aluminum Warehousing Antitrust Litig.*,
  833 F.3d 151 (2d Cir. 2016) ................................................................................................13

*Amchem Prods. v. Windsor*,
  521 U.S. 591 (1997) .............................................................................................................24

*Aniero Concrete Co. v. NY City Constr. Auth.*,
  Nos. 94 Civ. 9111 & 95 Civ. 3506, 1997 U.S. Dist. LEXIS 22 (S.D.N.Y. Jan.
  3, 1997) .................................................................................................................................17

*Anschutz Corp. v. Merrill Lynch & Co.*,
  690 F.3d 98 (2d Cir. 2012) ..................................................................................................17

*Ark. Pub. Employees Ret. Sys. v. Bristol-Myers Squibb Co.*,
  28 F.4th 343 (2d Cir. 2022) ..............................................10, 20, 21, 22, 23, 24, 25

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................4, 11, 12

*Bautista v. Cytosport, Inc.*,
  223 F. Supp. 3d 182 (S.D.N.Y. 2016) ...................................................................................5

*Belfon v. Credit Check Total ConsumerInfo.com, Inc.*,
  No. 2:18-cv-00408 (ADS)(SIL), 2018 U.S. Dist. LEXIS 169313 (E.D.N.Y.
  Oct. 1, 2018) ........................................................................................................................18

*Bell Atl. v. Twombly*,
  550 U.S. 544 (2007) ...............................................................................................................4

*Boule v. Hutton*,
  328 F.3d 84 (2d Cir. 2003) ....................................................................................................6

*Bowring v. Sapparo U.S.A., Inc.*,
  234 F. Supp. 3d 386 (E.D.N.Y. Feb. 10, 2017) .....................................................................9

*Bristol-Myers Squibb Co. v. Superior Court*,
  137 S. Ct. 1773 (2017) .......................................................................................20, 21, 24, 25

*Brown v. Kellogg Sales Co.*,
  No. 1:20-CV-7283-ALC, 2022 U.S. Dist. LEXIS 60748 (S.D.N.Y. Mar. 31,
  2022) .............................................................................................................................5, 8, 9

*Bynum v. Family Dollar Stores, Inc.*,
No. 1:20-cv-06878 (MKV), 2022 U.S. Dist. LEXIS 49968 (S.D.N.Y. Mar. 21,
2022) .......................................................................................................................17

*Campbell v. Whole Foods Mkt. Grp., Inc.*,
516 F. Supp. 3d 370 (S.D.N.Y. 2021) .............................................................16, 17

*Carpenter v. Petsmart, Inc.*,
441 F. Supp. 3d 1028 (S.D. Cal. 2020) ...................................................................25

*Chavez v. Wal-Mart Stores, Inc.*,
No. CV 13-6429-GHK, 2014 U.S. Dist. LEXIS 194351 (C.D. Cal. June 2,
2014) .......................................................................................................................13

*Chizniak v. Certainteed Corp.*,
No. 1:17-CV-1075, 2020 U.S. Dist. LEXIS 17020 (N.D.N.Y. Jan. 30, 2020)........25

*Chuang v. Pepper Snapple Grp., Inc.*,
No. CV 17-01875, 2017 U.S. Dist. LEXIS 163337 (C.D. Cal. Sep. 20, 2017)........8

*Chufen Chen v. Dunkin' Brands, Inc.*,
954 F.3d 492 (2d Cir. 2020)........................................1, 5, 9, 20, 21, 22, 23, 24, 25

*Chufen Chen v. Dunkin Brands, Inc.*,
No. 17-CV-3808 (CBA) (RER), 2018 U.S. Dist. LEXIS 234591 (E.D.N.Y.
Sep. 17, 2018) ...........................................................................................20, 21, 23

*Corsello v. Verizon N.Y., Inc.*,
967 N.E.2d 1177 (N.Y. 2012) .................................................................................16

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)..........................................................................................22, 23

*Davis v. Avvo, Inc.*,
345 F. Supp. 3d 534 (S.D.N.Y. 2018) .....................................................................11

*Davis v. Hain Celestial Grp., Inc.*,
297 F. Supp. 3d 327 (E.D.N.Y. 2018) ...............................................................15, 16

*In re Dental Supplies Antitrust Litig.*,
2017 U.S. Dist. LEXIS 153265 (E.D.N.Y. Sep. 20, 2017)................................24, 25

*Doyle v. MasterCard Int'l, Inc.*,
No. 15 CV 9360-LTS, 2016 U.S. Dist. LEXIS 173619 (S.D.N.Y. Dec. 15,
2016) .......................................................................................................................18

*Fermin v. Pfizer Inc.*,
215 F. Supp. 3d 209 (E.D.N.Y. 2016) .....................................................................10

*Fink v. Time Warner Cable*,
    714 F.3d 739 (2d Cir. 2013)........................................................................5, 6

*Finn v. Great Plains Lending, LLC*,
    No. 15-4658, 2016 U.S. Dist. LEXIS 21558 (E.D. Pa. Feb. 23, 2016) ..................22

*Fishon v. Peloton Interactive, Inc.*,
    No. 1:19-cv-11711, 2020 U.S. Dist. LEXIS 208861 (S.D.N.Y. Nov. 9, 2020).....................11

*Ford Motor Co. v. Mont Eighth Judicial Dist. Court*,
    141 S. Ct. 1017 (2021)........................................................................20

*Gazzillo v. Ply Gem Indus.*,
    No. 1:17-CV-1077, 2018 U.S. Dist. LEXIS 180303 (N.D.N.Y. Oct. 22, 2018) ...................25

*Gibson v. Bartlett Dairy, Inc.*,
    No. 20-CV-2848 (NGG) (SJB), 2022 U.S. Dist. LEXIS 45776 (E.D.N.Y. Mar. 14, 2022) ........................................................................14

*Harris v. Mondelez Global, LLC*,
    No. 19-cv-2249, 2020 U.S. Dist. LEXIS 133715 (E.D.N.Y. July 28, 2020).............................5

*Hesse v. Godiva Chocolatier, Inc.*,
    463 F. Supp. 3d 453 (S.D.N.Y. 2020)..............................................16, 17

*Hughes v. Ester C Co.*,
    330 F. Supp. 3d 862 (E.D.N.Y. 2018) ..................................................16

*Jean-Louis v. Carrington Mortg. Servs.*,
    No. 19-CV-04302, 2020 U.S. Dist. LEXIS 37586 (E.D.N.Y. Mar. 4, 2020).........................22

*Kernan v. Kurz-Hastings, Inc.*,
    175 F.3d 236 (2d Cir. 1999)..............................................................19

*Kiryas Joel Alliance v. Voll of Kiryas Joel*,
    495 Fed. App'x 183 (2d Cir. 2012)........................................................5

*Koenig v. Boulder Brands, Inc.*,
    995 F. Supp. 2d 274 (S.D.N.Y. 2014).....................................................16

*Kraus v. Visa Intl Serv. Assn*,
    304 A.D.2d 408 (N.Y. App. Div. 2003) ..................................................18

*Langan v. Johnson & Johnson Consumer Co.*,
    897 F.3d 88 (2d Cir. 2018)................................................................13

*Lebow v. Kakalios*,
    156 A.D.2d 301 (N.Y. App. Div. 1989) ..................................................18

*Lentell v. Merrill Lynch & Co.*,
  396 F.3d 161 (2d Cir. 2005)..................................................................................2

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
  27 F. Supp. 3d 447 (S.D.N.Y. 2014)....................................................................13

*Licci v. Lebanese Canadian Bank, SAL*,
  673 F. 3d 50 (2d Cir. 2012)..................................................................................19

*Lifrak v. N.Y. City Council*,
  389 F. Supp. 2d 500 (S.D.N.Y. 2005)....................................................................5

*Loreto v. P&G*,
  737 F. Supp. 2d 909 (S.D. Ohio 2010), *rev'd in part on other grounds*, 515
  Fed. Appx. 576 (6th Cir. 2013)............................................................................14

*Makarova v. United States*,
  201 F.3d 110 (2d Cir. 2000)....................................................................................5

*McKinniss v. Sunny Delight Bevs. Co.*,
  No. CV 07-02034, 2007 U.S. Dist. LEXIS 96108 (C.D. Cal. Sep. 4, 2007)..........12

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*,
  273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) .......................................................2

*Mishiyev v. Alphabet, Inc.*,
  444 F. Supp. 3d 1154 (N.D. Cal. 2020) ................................................................10

*Moore v. Long Island Univ.*,
  No. 20-cv-3843, 2022 U.S. Dist. LEXIS 12368 (E.D.N.Y. Jan. 24, 2022) ..............6

*Mustakis v. Chattem, Inc.*,
  No. 20-CV-5895 (GRB)(AYS), 2022 U.S. Dist. LEXIS 45070 (E.D.N.Y. Mar.
  9, 2022) ................................................................................................................15

*MyWebGrocer, Inc.v. Adlife Mktg. & Communs. Co.*,
  383 F. Supp. 3d 307 (D. Vt. 2019).......................................................................13

*Nicosia v. Amazon.com, Inc.*,
  834 F.3d 220 (2d Cir. 2016).................................................................................14

*Ortiz v. Fibreboard Corp.*,
  527 U.S. 815 (1999)..............................................................................................24

*Phillips v. Hobby Lobby Stores, Inc.*,
  No. 2:16-cv-00837-JEO, 2016 U.S. Dist. LEXIS 195621 (N.D. Ala. Oct. 21,
  2016) ....................................................................................................................13

*Price v. L'Oreal USA, Inc.*,
    2017 U.S. Dist. LEXIS 165931 (S.D.N.Y. Oct. 5, 2017) .......................................................16

*Robainas v. Metro Life Ins. Co.*,
    No. 14cv9926 (DLC), 2015 U.S. Dist. LEXIS 138354 (S.D.N.Y. Oct. 9, 2015)...................13

*Segedie v. Hain Celestial Grp., Inc.*,
    No. 14-cv-5029 (NSR), 2015 U.S. Dist. LEXIS 60739 (S.D.N.Y. May 7,
    2015) ................................................................................................................................17

*Sheree Cosmetics, LLC v. Kylie Cosmetics, LLC*,
    No. 18-CV-9673 (VEC), 2019 U.S. Dist. LEXIS 120855 (S.D.N.Y. July 19,
    2019) ................................................................................................................................23

*Smith v. Apple, Inc.*,
    No. 21cv3657 (DLC), 2022 U.S. Dist. LEXIS 19177 (S.D.N.Y. Feb. 2, 2022).....................25

*Solak v. Hain Celestial Grp., Inc.*,
    No. 3:17-CV-0704, 2018 U.S. Dist. LEXIS 64270 (N.D.N.Y. Apr. 17, 2018).........................9

*Sotheby's Fin. Servs. v. Baran*,
    107 Fed. Appx. 235 (2d Cir. 2004) .....................................................................................11

*Spratley v. FCA US LLC*,
    No. 3:17-CV-0062, 2017 U.S. Dist. LEXIS 147492 (N.D.N.Y. Sep. 12, 2017)....................25

*Stacker v. Intellisource, LLC*,
    No. 20-2581-JWB, 2021 U.S. Dist. LEXIS 119638 (D. Kan. June 28, 2021) ........................25

*Stadt v. Fox News Network LLC*,
    719 F. Supp. 2d 312 (S.D.N.Y. 2010)..................................................................................19

*Sunward Elecs., Inc. v. McDonald*,
    362 F.3d 17 (2d Cir. 2004)..................................................................................................21

*Tomasino v. Estee Lauder Cos.*,
    44 F. Supp. 3d 251 (E.D.N.Y. 2014) ..............................................................................14, 15

*Vaccariello v. XM Satellite Radio, Inc.*,
    295 F.R.D. 62 (S.D.N.Y. 2013) ...........................................................................................15

*Voip-Pal.Com, Inc. v. Apple Inc.*,
    375 F. Supp. 3d 1110 (N.D. Cal. 2019) ...............................................................................10

*Walden v. Fiore*,
    571 U.S. 277 (2014)............................................................................................................19

*Workman v. Plum Inc.*,
   141 F. Supp. 3d 1032 (N.D. Cal. 2015) ...............................................................8, 11

*Wysong Corp. v. APN, Inc.*,
   889 F. 3d 267 (6th Cir. 2018) ..........................................................................1, 11

**Statutes**

28 U.S.C. § 1332(d)(10) ...............................................................................................22

28 U.S.C. § 2072.............................................................................................................24

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

JUSTIN CHIMIENTI,

<em>Plaintiff</em>,

   v.

WENDY'S INTERNATIONAL, LLC, and
McDONALD'S CORPORATION,

<em>Defendants</em>.

Case No. 2:22-CV-02880-HG

The Honorable Hector Gonzalez

**WENDY'S INTERNATIONAL, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Dated: September 30, 2022

Adam R. Fox (5082151)
**SQUIRE PATTON BOGGS (US) LLP**
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Telephone: (213) 624-2500
adam.fox@squirepb.com

Scott A. Kane (*Pro Hac Vice*)
**SQUIRE PATTON BOGGS (US) LLP**
201 E. Fourth St., Suite 1900
Cincinnati, OH 45202
Telephone: (513) 361-1200
scott.kane@squirepb.com

*Counsel for Wendy's International, LLC*

**"It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer."**

*Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020)

**"Think, for instance, of the reasonable consumer at the fast-food drive-through. Does he expect that the hamburger he receives at the window will look just like the one pictured on the menu? Of course not. He knows that puffery is a fact of life."**

*Wysong Corp. v. APN, Inc.*, 889 F. 3d 267, 271 (6th Cir. 2018)

## I.     INTRODUCTION

Plaintiff Justin Chimienti has filed a federal lawsuit accusing Wendy's of false advertising because "he ***expected*** the burgers that he purchased to be similar in size to the pictures of the burgers" in unspecified "advertisements" and "store menu ordering boards," but they were "much smaller." ECF 1 ("Compl.") ¶ 44 (emphasis added). Plaintiff further alleges that "he was financially damaged as a result." *Id.* A fundamental problem with Plaintiff's claim is that he does not allege that the Wendy's advertisements he claims to have relied on contain any representation as to the size, weight, or dimension of its burgers. *Id.* ¶¶ 4–5, 14.

Moreover, despite referencing Wendy's website as the source of the advertising contained in the Complaint, Plaintiff ignores (and crops out in the Complaint) the prominent disclosure—right next to the image about which Plaintiff complains—of each burger's "approximate weight before cooking" as well as its standard toppings. The Complaint never grapples with these disclosures or alleges that they misrepresent anything about the burgers Plaintiff actually received. In short, his claim for false or misleading advertising is simply inconsistent with the realities of the very advertising he purports to attack, all of which the Court may properly consider at this

juncture. *See* advertising images cited *infra* Section III(B).[1]

Failing to identify any objective or empirical representation—let alone a misrepresentation—by Wendy's, Plaintiff resorts to anchoring his claims in his own subjective expectations based upon viewing the images in Wendy's advertising, ripped from their full context. Even assuming mere standalone images satisfy pleading requirements (they don't), and could somehow convey an ambiguity regarding the size of a burger or its toppings (they can't), such visual representations constitute classic puffery that is not actionable. The images alone make no representation that can be considered true or false. Thus, Plaintiff cannot, as a matter of law, plausibly allege that reasonable consumers would be deceived by Wendy's advertisements based on his own subjective expectations from viewing images that lack any specific or verifiable claim.

Despite these realities, and having ordered just two burgers before electing to file a federal lawsuit (as opposed to, say, refusing to complete a transaction or seeking to return a burger with which he was dissatisfied),[2] Plaintiff asserts that Wendy's "materially overstates the amount of toppings and the size of the beef patties for ***nearly every menu item*** in its current [unspecified] advertisements, including" seventeen (17) other types of burgers offered by Wendy's. *Id.* ¶ 13 (emphasis added). How he could possibly know this, Plaintiff does not say. He certainly cannot have unsatisfied expectations about products that, according to his own Complaint, he never purchased. Nor does he allege that even the two burgers he did purchase were missing any toppings, or that they were qualitatively different from what Wendy's advertisements depict.

---

[1] The Court enjoys broad power to review the advertisements and articles referenced in the complaint. *See, e.g., In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003), *aff'd sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005) (a court confronting a Rule 12(b)(6) motion may consider "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference".).

[2] The Complaint alleges that "Mr. Chimienti purchased a Bourbon Bacon Cheeseburger and a Big Bacon Cheddar Cheeseburger at a Wendy's store" before filing suit. Compl. ¶ 44.

Plaintiff simply fails to allege any plausible deception under the reasonable consumer standard as a matter of law. Even if he had done so, his claims would remain defective for several independent reasons. Among other things, his claims for the violation of fifty-one (51) separate "State Consumer Protection Laws" fail because Plaintiff neither alleges facts necessary to establish the elements of those claims nor demonstrates that, as a New York resident, he has the right to sue under the laws of any state other than New York. Plaintiff likewise fails to allege the special relationship required to maintain a negligent misrepresentation claim, or identify any contractual term that Wendy's supposedly breached to support his breach of contract claim. Plaintiff's unjust enrichment claim fails because it is duplicative of his hopelessly flawed false advertising claim.

For these and additional reasons set forth below, the Court should dismiss the Complaint with prejudice. The deadline for amendments has passed, and counsel for Plaintiff already declined the Court's invitation regarding possible amendment during the pre-motion conference. In any event, no amendment could cure the inherent defects in Plaintiff's theory or change the fundamental nature of burger images as puffery. Dismissal with prejudice is appropriate.

## II.     <u>PLAINTIFF'S ALLEGATIONS</u>

Plaintiff alleges that he is a New York resident who, between May 1, 2016, and May 17, 2022 (the date the Complaint was filed), purchased a single Bourbon Bacon Cheeseburger and a single Big Bacon Cheddar Cheeseburger at an unidentified Wendy's store somewhere in New York. *See* Compl. ¶ 44. Plaintiff avers that "the size of the burgers [he] received were much smaller than advertised and he was financially damaged as a result." *Id*. Based on nothing but this alleged experience, Plaintiff now asserts that Wendy's "materially overstates the amount of toppings and the size of the beef patties for nearly every menu item in its current advertisements." *Id*. ¶ 13.

Plaintiff's Complaint seeks to assert claims for false advertising, breach of contract, negligent misrepresentation, and unjust enrichment on behalf of "[a]ll persons or entities in the

United States who purchased an Overstated Wendy's Menu Item . . . between May 1, 2016 (the 'Class Period'), and the date of final disposition of this action." *Id.* ¶ 50.

## III.    ARGUMENT

Plaintiff fails to state a plausible claim against Wendy's. In addition to failing to plead sufficient factual matter to support a cognizable claim, Plaintiff anchors the few facts he does plead—as well as his speculative conclusions masquerading as facts—to legal theories that fail to meet the necessary elements of the claims he seeks to advance. Moreover, Plaintiff lacks standing to assert many of the claims or obtain the relief he seeks in the Complaint. Each of these deficiencies is addressed in detail below.

### A.    Governing Legal Standards.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard is intended to expose pleading deficiencies "at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (quotations omitted). Indeed, as one court recently put it, the doors of discovery are not

unlocked "for a plaintiff armed with nothing more than conclusions." *Bautista v. Cytosport, Inc.*, 223 F. Supp. 3d 182, 187 (S.D.N.Y. 2016).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "To survive a defendant's Rule 12(b)(1) motion to dismiss for lack of standing, plaintiffs must allege facts that affirmatively and plausibly suggest that they have standing to sue." *Kiryas Joel Alliance v. Voll of Kiryas Joel*, 495 Fed. App'x 183, 188 (2d Cir. 2012). The burden rests on the party invoking the court's authority to establish, by a preponderance of the evidence, that the court possesses subject matter jurisdiction over the action. *Lifrak v. N.Y. City Council*, 389 F. Supp. 2d 500, 502 (S.D.N.Y. 2005).

### B. Plaintiff's Consumer Protection Claim (Count I) Fails Because the Complaint Does Not Plausibly Allege a Deceptive Act or False Advertising.

To state a consumer protection claim based on allegedly false advertising, Plaintiff must allege facts identifying conduct by the defendant that plausibly could deceive a reasonable consumer. *See Harris v. Mondelez Global, LLC*, No. 19-cv-2249, 2020 U.S. Dist. LEXIS 133715 at *4-5 (E.D.N.Y. July 28, 2020); *Chufen Chen.*, 954 F.3d at 500-01 (affirming 12(b)(6) dismissal, noting "it is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer") (citations and quotations omitted).

"The primary evidence in a consumer-fraud case arising out of allegedly false advertising is, of course, the advertising itself." *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013). "[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Chufen Chen*, 954 F.3d at 500 (citations and quotations omitted). Courts accordingly "consider the challenged [act or practice] as a whole, including disclaimers and qualifying language." *Brown v. Kellogg Sales Co.*, No. 1:20-CV-7283-ALC, 2022

U.S. Dist. LEXIS 60748 at *7 (S.D.N.Y. Mar. 31, 2022). As discussed below, examining the challenged advertisements in their full context confirms that Plaintiff has failed to plausibly allege that reasonable consumers would be deceived, and dismissal is warranted.[3]

Plaintiff alleges that "Wendy's advertises its burgers as large burgers compared to competitors and containing thick and juicy beef patties stuffed with toppings," and "materially overstates the amount of toppings . . . and the thickness of the beef patty" for most menu items. Compl. ¶¶ 3, 7. But reviewing the images and advertisements included in the Complaint reveals that none that conveys any representation about the size, weight, or dimensions of Wendy's burgers either in the abstract or in comparison to competitors. *Id*. at ¶ 4–5, 14. In this absence, Plaintiff's subjective expectations cannot form the basis of a false advertising claim. *See Boule v. Hutton*, 328 F.3d 84, 94 (2d Cir. 2003) ("Deceptive acts are defined objectively[.]"); *Moore v. Long Island Univ.*, No. 20-cv-3843, 2022 U.S. Dist. LEXIS 12368, *22 (E.D.N.Y. Jan. 24, 2022) ("Determining whether a practice is deceptive or materially misleading is an objective exercise[.]").

Examining the advertisements in their full context, including the references to Wendy's website, underscores the implausibility of Plaintiff's allegations of deception. Paragraphs 4 and 14 of the Complaint include only the images of the Bourbon Bacon Burger and the Dave's Single

---

[3] The Complaint only makes specific, factual allegations about the website advertisements and a single commercial. Plaintiff makes passing, conclusory references to Wendy's "store menu ordering boards" and "current advertisements" but never identifies them or alleges that they are different from the advertisements he does specify. Compl. ¶¶ 4, 14, 44. This Motion analyzes the advertisements identified in the Complaint, and where Plaintiff's allegations are "materially inconsistent with the sole advertisement [Plaintiff] submitted," the Court should conclude that Plaintiff's claims "lack the facial plausibility necessary to survive a motion to dismiss." *Fink*, 714 F.3d at 742.

Burger, respectively, from Wendy's website. Within their full context, those ads appear as depicted on the following page.[4]



Each of these advertisements includes an explicit statement of the "[a]pproximate weight

---

[4] The first advertisement is available at https://order.wendys.com/product/31298/bourbon-bacon-cheeseburger, and the second advertisement is available at https://order.wendys.com/product/30000/daves-single.

before cooking" of the burger patty as a "quarter-pound." The advertisements also specify the standard toppings for each burger. Consistent with the image, the Bourbon Bacon Burger is described as being topped with "Applewood smoked bacon, American cheese, crispy onions, and a sweet, smoky bourbon bacon sauce . . . ." Similarly, the Dave's Single Burger is described as having "American cheese, crisp lettuce, tomato, pickle, ketchup, mayo, and onion" as toppings, consistent with its image. Plaintiff does not allege that the burgers he supposedly purchased failed to conform to the specific statements in the cited advertisements. The Complaint crops out and omits this important context from the very source of Plaintiff's cited image. In any event, the Complaint is devoid of any allegation that the burgers Plaintiff ordered and received were the wrong weight (before cooking), or that they were missing any of the identified toppings. Instead, the website ads show the implausibility of deception under the reasonable consumer standard.

That is, where the image, in context of the entire advertisement, contains no material misrepresentations about the product, no reasonable consumer can be misled as a matter of law. *See, e.g.*, *Brown* U.S. Dist. LEXIS 60748, at *11 (dismissing claim that a strawberry image on a Pop-Tarts box is misleading: "[T]he photo of the fresh half strawberry must be viewed in context. No reasonable consumer would see the entire product label . . . and reasonably expect that fresh strawberries would be the sole ingredient in the Product."); *Chuang v. Pepper Snapple Grp., Inc.*, No. CV 17-01875, 2017 U.S. Dist. LEXIS 163337, at *11 (C.D. Cal. Sep. 20, 2017) ("Plaintiff does not adequately allege how the images and statements are false, in particular because an independent review of the product labels reveals that the statements are ***not*** false, as the products do contain the fruits and vegetables depicted."); *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (granting motion to dismiss because label images "contain[ed] no affirmative misrepresentations" and "all of the items pictured are actually present in the product":

"[A] reasonable consumer would simply not view pictures on the packaging of a puree pouch or box of fruit bars and assume that the size of the items pictured directly correlated with their predominance in the blend."); *cf. Chufen Chen*, 954 F.3d at 501 (affirming dismissal where challenged ads "clearly depict the 'steak' as a beef patty" and as such, no reasonable consumer would believe that the $2–$4 menu items would contain an "unadulterated piece of meat."). Here, no reasonable consumer would expect anything from the advertisements other than that they will receive a burger comprised of the pictured ingredients.

Moreover, any hypothetical ambiguity regarding the size or default toppings on the burgers is resolved by the full context of the website ads, which include the pre-cooked weight of the burger and a conspicuous, narrative explanation of "**What's On It**" that eliminates any conceivable ambiguity from the images alone. "Courts routinely conclude that the presence of a disclaimer, considered in context, precludes the finding that a reasonable consumer would be deceived by the defendant's conduct." *Bowring v. Sapparo U.S.A., Inc.*, 234 F. Supp. 3d 386, 390 (E.D.N.Y. Feb. 10, 2017). In the full context of the "**What's On It**" disclosure, the approximate weight of the burger patties (before cooking) and the toppings on each burger are crystal clear, and render implausible any claim that a reasonable consumer would be deceived. *See, e.g., Brown*, 2022 U.S. Dist. LEXIS 60748, at *15-16 ("Even if one assumes that the product label is ambiguous about the amount of strawberries in the Product, which it is not, 'the ambiguity is resolved by reference to the list of ingredients or a Nutrition Facts panel.'"); *Solak v. Hain Celestial Grp., Inc.*, No. 3:17-CV-0704, 2018 U.S. Dist. LEXIS 64270, at *13-14 (N.D.N.Y. Apr. 17, 2018) (granting motion to dismiss because "'any potential ambiguity' that might arise about the Product's vegetable content as a result of the challenged picture 'could be resolved by the back panel of the products, which list[s] all ingredients in order of predominance'"); *Fermin v. Pfizer Inc.*, 215 F.

Supp. 3d 209 (E.D.N.Y. 2016) (granting motion to dismiss a false advertising complaint alleging consumer deception arising from "excessive empty space" in Advil containers because the label displayed the number of pills).

Plaintiff similarly cannot overcome the implausibility of his claim by referencing a 2018 interview of freelance food stylist, Ellie Stern. *See* Compl. ¶¶ 10–12. A true and accurate copy of the article is attached to the Declaration of Adam Fox (attached as Exhibit A). Neither any statement attributed to Ms. Stern nor any other part of the article references Wendy's in any way. *See* Exh. 1 to Exh. A. Moreover, Plaintiff tellingly does not allege that Ms. Stern had any role in creating the advertisements about which he complains, rendering speculative any connection between the challenged ads and the words attributed to her in the Complaint.[5] Plaintiff's conjecture in this regard fails to establish anything misleading about the challenged Wendy's advertising.[6]

---

[5] Although it beyond the scope of this Motion, there is no basis for such an allegation.

[6] Plaintiff also attempts to bolster his own subjective expectations with comments he cherry-picks from more than one "food reviewer, with a YouTube channel" and various Twitter posts. *See* Compl. ¶¶ 16-24. Much like a request for judicial notice, the Court should treat these comments as reflecting, at most, that someone made them, but not make conclusions about the underlying facts. *See Ark. Pub. Employees Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 352 (2d Cir. 2022) ("When the court takes judicial notice of documents, it must rely on such documents only for the fact that the statement was made."). Plaintiff does not allege facts that plausibly identify any of these "food reviewer[s]" on Youtube as representative of the reasonable consumer, or even that any of them actually shares his alleged, subjective expectations, as opposed to having posted their remarks simply to entertain, foster controversy or gain attention given the Youtube business model. *See also Mishiyev v. Alphabet, Inc.*, 444 F. Supp. 3d 1154, 1156 (N.D. Cal. 2020) (explaining that Youtube users can "make money from their videos" by obtaining a share of "advertising revenue" from Youtube). The Court should therefore disregard Plaintiff's allegations. *See Voip-Pal.Com, Inc. v. Apple Inc.*, 375 F. Supp. 3d 1110, 1134 n.6 (N.D. Cal. 2019) (deeming inappropriate consideration of a Youtube video on a motion to dismiss because "[t]he Court finds that the contents of the YouTube video are unverified and unsubstantiated, and are therefore subject to reasonable dispute").

**C.   Plaintiff's Consumer Protection Claims (Count I) And Negligent Misrepresentation Claim (Count III) Fail Because They Are Based on Non-Actionable Puffery.**

Plaintiff also fails to state a claim for a consumer protection violation or negligent misrepresentation because the images of Wendy's burgers constitute quintessential puffery – both too general and too subjective to be actionable. The law defines "puffery" as "exaggerated general statements that make no specific claims on which consumers could rely." *Fishon v. Peloton Interactive, Inc.*, No. 1:19-cv-11711, 2020 U.S. Dist. LEXIS 208861 at *16 (S.D.N.Y. Nov. 9, 2020). Indeed, "[p]uffery is a subjective statement or claim that cannot be proven true or false." *Id.* at *16–17. "Courts can determine that a statement is puffery as a matter of law when the statement does not provide a concrete representation." *Davis v. Avvo, Inc.*, 345 F. Supp. 3d 534, 542 (S.D.N.Y. 2018). Puffery cannot form the basis of false advertising or negligent misrepresentation claims. *Sotheby's Fin. Servs. v. Baran*, 107 Fed. Appx. 235, 238 (2d Cir. 2004) (negligent misrepresentation); *Fishon*, 2020 U.S. Dist. LEXIS 208861 at *17 (false advertising).

Consistent with the significance of context and the Court's ability to apply "common sense" to its analysis, *Iqbal*, 556 U.S. at 679, no reasonable consumer expects a burger to look exactly like the exemplar shown in advertising. *See, e.g., Wysong Corp.*, 889 F. 3d at 271 ("Think, for instance, of the reasonable consumer as the fast-food drive-through. Does he expect that the hamburger he receives at the window will look just like the one pictured on the menu? Of course not. He knows that puffery is a fact of life."). A reasonable consumer understands that burgers are made with ingredients are not uniform, that individual food preparers will vary in their execution, and that packaging and time to consumption can impact their appearance. This Court should follow the routine practice of dismissing claims based on ads that no reasonable consumer would construe as anything more than puffery. *See, e.g., Workman*, 141 F. Supp. 3d at 1036–37 (dismissing claim based on "puffery-like" images: "No reasonable consumer would expect the size of the flavors

pictured on the label to directly correlate with the predominance of the pictured ingredient in the puree blend."); *McKinniss v. Sunny Delight Bevs. Co.*, No. CV 07-02034, 2007 U.S. Dist. LEXIS 96108, at *14 (C.D. Cal. Sep. 4, 2007) ("Assuming, arguendo, that the depictions of fruit on Defendant's product labels constitute misrepresentations, Plaintiffs cannot establish reasonable reliance on such depictions because they constitute mere puffery.").[7]

Because the images identified in the Complaint do not convey any specific or objective representation regarding the size of Wendy's burgers and the website images referenced by Plaintiff are joined by clarifying information, Plaintiff fails to state plausible false advertising and negligent misrepresentation claims. The Court should therefore dismiss them.

### D.    Plaintiff's Consumer Protection Claims (Count I) Fail For Other Reasons.

Count I purports to assert false advertising claims under the consumer protection statutes of every state and the District of Columbia. Compl. ¶¶ 63–69. In addition to the fundamental defects identified above — *i.e.*, that Plaintiff has failed to allege an actionable misrepresentation or deceptive act — this claim should be dismissed for two additional and independent reasons.

First, Plaintiff's mere recitation of each state's consumer protection statute fails to meet basic pleading requirements and does not state a claim. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.'"). Plaintiff has not attempted to allege how Wendy's violated these many state consumer protection statutes and instead simply lists them, without identifying the requisite

---

[7] Plaintiff's factual allegations concern only the size of the burgers he purchased. *See* Compl. ¶ 44 ("Mr. Chimienti purchased a Bourbon Bacon Cheeseburger at a Wendy's store . . . [and] expected the burgers that he purchased to be similar in *size* to the pictures of burgers in Defendants' advertisements and on Defendants' store menu ordering boards.  However, the *size* of the burgers that Mr. Chimienti received were much *smaller* than advertised.") (emphases added). The Complaint's generalized allegation that Wendy's "materially overstates the amount of toppings" on certain of its burgers, *id.* ¶ 7, is purely conclusory and not supported by any allegation of fact.

elements or the nature of each alleged violation. Compl. ¶¶ 63–69. The Second Circuit rejects this "laundry list" type of pleading approach, instructing district courts to dismiss state consumer protection claims if the "complaint does little more than list a couple dozen state statutes in alphabetical order by state, without pleading any of their elements." *In re Aluminum Warehousing Antitrust Litig.*, 833 F.3d 151, 163 (2d Cir. 2016). Because Plaintiff alleges only that Wendy's violated an alphabetical list of states' consumer protection statutes, such claims fail.

Second, Plaintiff, a resident of New York, lacks statutory standing to advance claims under consumer protection statutes of states other than New York. Statutory standing[8] asks "whether the plaintiff has a cause of action under the statute." *Robainas v. Metro Life Ins. Co.*, No. 14cv9926 (DLC), 2015 U.S. Dist. LEXIS 138354, at *13 (S.D.N.Y. Oct. 9, 2015). Courts routinely hold that state consumer protection statutes as alleged in Count I protect only residents, persons who are injured within the relevant state, or persons who suffer injuries that are otherwise closely connected to the state. *See, e.g.*, *Chavez v. Wal-Mart Stores, Inc.*, No. CV 13-6429-GHK (PJWx), 2014 U.S. Dist. LEXIS 194351, at *9 (C.D. Cal. June 2, 2014) ("Because Plaintiff does not allege that her purchase has any connection to any state other than California, she lacks statutory standing to bring a claim under the consumer protection statutes of Connecticut, Delaware, D.C., Florida, Illinois, Michigan, Minnesota, Missouri, Nebraska, New Hampshire, New York, Rhode Island, and Washington."); *MyWebGrocer, Inc. v. Adlife Mktg. & Communs. Co.*, 383 F. Supp. 3d 307, 313 (D. Vt. 2019) (dismissing Vermont consumer protection claim for no nexus to Vermont); *Phillips v. Hobby Lobby Stores, Inc.*, No. 2:16-cv-00837-JEO, 2016 U.S. Dist. LEXIS 195621, at *10 (N.D.

---

[8] The Second Circuit's decision in *Langan v. Johnson & Johnson Consumer Co.*, 897 F.3d 88 (2d Cir. 2018) discusses constitutional (Article III) standing to bring a class-action claim on behalf of consumers in states other than his state of residence. Courts in the Second Circuit "consider[] the questions of Article III, statutory, and class standing as distinct." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 27 F. Supp. 3d 447, 481 (S.D.N.Y. 2014).

Ala. Oct. 21, 2016) (same, for Oklahoma); *Loreto v. P&G*, 737 F. Supp. 2d 909 (S.D. Ohio 2010) (same, for Ohio), *rev'd in part on other grounds*, 515 Fed. Appx. 576 (6th Cir. 2013).

This Court recently recognized that where an individual "alleges that he purchased the at-issue Products in New York and suffered a cognizable injury upon purchase," he lacks statutory standing to pursue a putative class action claim based on the Connecticut Unfair Trade Practices Act. *Gibson v. Bartlett Dairy, Inc.*, No. 20-CV-2848 (NGG) (SJB), 2022 U.S. Dist. LEXIS 45776, at *26 (E.D.N.Y. Mar. 14, 2022) ("Plaintiff, a New Yorker, cannot plead a class action claim under CUTPA."). As Plaintiff is a citizen of New York who purchased just two Wendy's burgers in New York (*see* Compl. ¶ 44), the Court should dismiss all of Plaintiff's non-New York consumer protection claims because he lacks statutory standing to assert them.

**E.      Plaintiff Lacks Standing to Pursue Injunctive Relief.**

Plaintiff separately lacks Article III standing to pursue injunctive relief because he does not allege a desire or plan to purchase Wendy's menu items in the future. The "irreducible constitutional minimum of standing" requires Plaintiff to show: "(1) it has suffered a concrete and particularized injury in fact which is actual or imminent, not 'conjectural or hypothetical,' (2) the injury is fairly traceable to the defendant's allegedly unlawful conduct, and (3) the injury will likely be redressed by the requested relief." *Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 255-56 (E.D.N.Y. 2014) (quotations omitted). "Although past injuries may provide a basis for standing to seek money damages, they do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016). Plaintiff alleges that he purchased Wendy's burgers as a result of the challenged advertising. Compl. ¶ 44. Alleged past injuries, however, do not confer standing absent an intent to purchase the products in the future.

Moreover, courts routinely dismiss injunctive relief claims in false advertising cases "[b]ecause a plaintiff in a false advertisement case has necessarily become aware of the alleged misrepresentations, [and] 'there is no danger that they will again be deceived by them.'" *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 338 (E.D.N.Y. 2018); *see also, e.g.*, *Tomasino*, 44 F. Supp. 3d at 256 (concluding that a plaintiff "has not alleged a sufficient future injury to establish standing to assert her claims for injunctive relief because she has demonstrated that she is, in fact, unlikely to purchase ANR products again"); *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 68 (S.D.N.Y. 2013) ("Plaintiff cannot satisfy the injury-in-fact requirement in actions for injunctive relief by relying on past injuries" where plaintiff was "now keenly aware of" the defendant's practices and was thus "very unlikely to suffer" the same injury again.). Because Plaintiff alleges no facts demonstrating a risk of future harm, he lacks standing to pursue injunctive relief on behalf of himself and unnamed class members.

F. **Plaintiff's Common Law Claims Fail for Additional Independent Reasons.**

Plaintiff also raises several common law claims that fail as a matter of law.

1. **The Unjust Enrichment Claim Should be Dismissed Because It Relies On, and is Duplicative Of, the Defective False Advertising Claim.**

Plaintiff asserts an unjust enrichment claim with formulaic allegations that Wendy's "ha[s] been unjustly enriched at the expense of Plaintiff and members of the class, and thus Plaintiff and members of the Class were unjustly deprived of time and value of money provided to" it. Compl. ¶ 87. Alleging that it "would be inequitable and unconscionable for [Wendy's] to retain the profit, benefit, and other compensation" from the allegedly misleading advertising practices, Plaintiff apparently seeks restitution. *Id.* ¶ 89. This conclusory assertion fails for the same reasons that Plaintiff's false advertising claim fails. *See, e.g.*, *Mustakis v. Chattem, Inc.*, No. 20-CV-5895 (GRB)(AYS), 2022 U.S. Dist. LEXIS 45070, at *10 (E.D.N.Y. Mar. 9, 2022) ("[B]ecause the

Court finds that plaintiff has failed to state a claim that defendant's product labelling is materially misleading, plaintiff's unjust enrichment claim is implausible as well."); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 291 (S.D.N.Y. 2014) ("[I]f plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects.") (quoting *Corsello*, 967 N.E.2d at 1185).

Even if the Court allows any of Plaintiff's other claims to proceed – and it should not for the reasons discussed – Plaintiff's unjust enrichment claim would still be doomed as duplicative. Indeed, "unjust enrichment is not a catchall cause of action to be used when others fail. It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). A necessary corollary of this rule is that an unjust enrichment claim cannot survive if it merely "duplicates, or replaces, a conventional contract or tort claim." *Id.*

Applying this principle, courts routinely dismiss cases in which the causes of action "are standard false-advertising claims that are governed by consumer protection statutes." *Hughes v. Ester C Co.*, 330 F. Supp. 3d 862, 877 (E.D.N.Y. 2018); *see, e.g., Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 394 (S.D.N.Y. 2021) (dismissing unjust enrichment claim as "a mere repackaging of her other claims based on the alleged misrepresentations on the Product's packaging"); *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 474 (S.D.N.Y. 2020) (dismissing unjust enrichment claim duplicative of false advertising claim based on representations on a chocolate box); *Hain Celestial Grp., Inc.*, 297 F. Supp. 3d at 338 ("Plaintiff's unjust enrichment claim is no different from his claims for false advertising or fraudulent misrepresentation. It must therefore be dismissed."); *Price v. L'Oreal USA, Inc.*, 2017 U.S. Dist. LEXIS 165931, at *13 (S.D.N.Y. Oct. 5, 2017) ("All of the claims in the Complaint are based on

the same alleged misrepresentation by Defendants that the Products contain keratin. Accordingly, Plaintiffs' New York unjust enrichment claim is dismissed as duplicative.").

> ### 2. The Negligent Misrepresentation Claim Should Be Dismissed Because Plaintiff Does Not and Cannot Allege The Requisite "Special Relationship."

Plaintiff's negligent misrepresentation claim fails for the separate reason that he alleges no special relationship with Wendy's and thereby omits a necessary element of that claim. *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012) (negligent misrepresentation requires pleading that "the defendant had a duty, as a result of a special relationship, to give correct information"). A "special relationship exists if the defendant 'possess[es] unique or special expertise' or is 'in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified.'" *Bynum v. Family Dollar Stores, Inc.*, No. 1:20-cv-06878 (MKV), 2022 U.S. Dist. LEXIS 49968, at *16 (S.D.N.Y. Mar. 21, 2022).

No duty arises "where the statement at issue is directed at a 'faceless or unresolved class or persons.'" *Aniero Concrete Co. v. NY City Constr. Auth.*, Nos. 94 Civ. 9111 & 95 Civ. 3506, 1997 U.S. Dist. LEXIS 22, at *50 (S.D.N.Y. Jan. 3, 1997). Nor does one exist if the parties' relationship is merely "that of the ordinary buyer and seller." *Bynum*, 2022 U.S. Dist. LEXIS 49968, at *16. As such, courts routinely dismiss negligent misrepresentation claims based on "basic commercial transaction[s]." *Campbell*, 516 F. Supp. 3d at 389. Courts likewise reject arguments that any obligation to advertise or "label products truthfully . . . arise[s] from any special relationship." *Segedie v. Hain Celestial Grp., Inc.*, No. 14-cv-5029 (NSR), 2015 U.S. Dist. LEXIS 60739, at *36 (S.D.N.Y. May 7, 2015); *see also Hesse*, 463 F. Supp. 3d at 473 (dismissing negligent misrepresentation claim for no special relationship between Godiva Chocolatier and purchaser-plaintiff). In short, no special relationship is (or could be) alleged in this case.

### 3. The Breach of Contract Claim Should Be Dismissed Because There Is No Contract Between Wendy's and Plaintiff.

Plaintiff's breach of contract claim fails because he does not plausibly identify a contractual term that Wendy's allegedly breached. With formulaic pleading and mere labels, Plaintiff avers that Wendy's "breached [its] sales contracts with Plaintiff" because it "failed to disclose that the [menu items] . . . were materially smaller than advertised." Compl. ¶¶ 71–75. This recasting of Plaintiff's false advertising claim goes nowhere because a cognizable breach a contract claim requires well-pleaded factual allegations that explain how the defendant breached a particular contractual provision. *See Kraus v. Visa Intl Serv. Assn*, 304 A.D.2d 408, 408 (N.Y. App. Div. 2003) (affirming dismissal of breach of contract claim "since plaintiff failed to allege the breach of any particular contractual provision"); *Lebow v. Kakalios*, 156 A.D.2d 301, 302 (N.Y. App. Div. 1989) ("By failing to set forth the applicable provisions of that contract, she has failed to state a cause of action."). Plaintiff identifies no contractual provisions that Wendy's allegedly breached.

At best, Plaintiff's Complaint describes a sales transaction whereby Plaintiff ordered and received a burger. Plaintiff makes no allegation that Wendy's failed to provide the item(s) ordered. Nor does Plaintiff allege that the purported "contract" contained a term that the burger received will look exactly as advertised or be of a particular size. Plaintiff's subjective "expect[ations]" are not a contract term. Without allegations to support the necessary element of an unsatisfied contractual term, his breach of contract claim cannot survive. *See, e.g.*, *Belfon v. Credit Check Total ConsumerInfo.com, Inc.*, No. 2:18-cv-00408, 2018 U.S. Dist. LEXIS 169313, at *13 (E.D.N.Y. Oct. 1, 2018) (dismissing breach of contract claim where Plaintiff failed to allege where in the contract the alleged breached performance was promised); *Doyle v. MasterCard Int'l, Inc.*, No. 15 CV 9360-LTS, 2016 U.S. Dist. LEXIS 173619, at *4 (S.D.N.Y. Dec. 15, 2016) ("The allegations in the [Complaint], even construed in the light most favorable to the Plaintiff, do not

state a claim for breach of contract because they do not identify any breach of the alleged contract by MasterCard."); *Stadt v. Fox News Network LLC*, 719 F. Supp. 2d 312, 318 (S.D.N.Y. 2010) ("A claim for breach of contract cannot be sustained simply by a conclusory statement that the accused breached a contract.").

Finally, the Complaint fails to state a claim for breach of contract against Wendy's because it does not allege that the purported "contract" was with Wendy's. The Complaint does not allege that Plaintiff purchased either of his two burgers from a Wendy's-owned location as opposed to a franchisee. *See* Compl. ¶¶ 70–75.

For the foregoing reasons, each of Plaintiff's common law claims should be dismissed.

## G. The Claims of Non-Resident Class Members Should Be Dismissed for Lack of Personal Jurisdiction.

To the extent any claims survive Wendy's motion to dismiss for failure to state a plausible claim, the Court should at least dismiss the claims of all unnamed class members who purchased menu items outside of New York because the Court lacks personal jurisdiction over Wendy's for claims that do not arise from or relate to its forum contacts. The United States Constitution prevents a defendant from being hauled into court to answer for a claim that does not significantly relate to the defendant's contacts with the court's forum. *See Walden v. Fiore*, 571 U.S. 277, 283 (2014). Due Process considerations prohibit the exercise of personal jurisdiction over a defendant unless, among other things, the defendant had sufficient "minimum contacts" with the forum state[9] to justify the court's exercise of personal jurisdiction concerning the asserted claims. *E.g., Licci v. Lebanese Canadian Bank, SAL*, 673 F. 3d 50, 60 (2d Cir. 2012). The minimum contacts inquiry considers both general jurisdiction (permitting a court to exercise jurisdiction over any claims

---

[9] In this diversity case, the New York long-arm statute is the basis for potential personal jurisdiction. *E.g., Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999).

against a defendant regardless of where the claims arise) or specific jurisdiction, which limits jurisdiction to claims that "arise out of or relate to the defendant's contacts" with the forum. *Ford Motor Co. v. Mont Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1025 (2021). In this case, there is neither general jurisdiction nor specific jurisdiction that would authorize the Court to exercise personal jurisdiction over the claims of non-resident class members who purchased Wendy's products outside of New York.

In 2018, *Chufen Chen*, a case in this District, considered these issues in the context of a putative class action asserting false advertising claims concerning the sale of certain beef sandwich products. The named plaintiffs – who included a New York resident and residents of California, Michigan, Massachusetts, and Florida – asserted claims on behalf of a nationwide class under the consumer protection laws of all 50 states and the District Columbia. 954 F.3d 492. Applying *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), the *Chufen Chen* trial court dismissed the claims of the non-New York named plaintiffs, finding that it lacked personal jurisdiction to consider their false advertising claims arising from food purchases made outside of New York. *See Chufen Chen v. Dunkin Brands, Inc.*, No. 17-CV-3808 (CBA) (RER), 2018 U.S. Dist. LEXIS 234591, at *1-2 (E.D.N.Y. Sep. 17, 2018). The same result is warranted here for the purchase of burgers by putative class members outside of New York. Due process does not support the exercise of personal jurisdiction over such claims, as made clear by precedent from the Second Circuit and the U.S. Supreme Court.

In *Bristol-Myers Squibb*, the Supreme Court held that each claim asserted by each plaintiff must arise from contacts with the forum state sufficient to establish personal jurisdiction over the defendant. 137 S. Ct. at 1781-82. ("The mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California . . . does not allow the State to assert specific jurisdiction over

20

the nonresidents' claims."). *Bristol-Myers Squibb* thus confirmed the principle that personal jurisdiction over a defendant for one plaintiff's claim that directly involves the forum does not support jurisdiction over the claims of non-resident plaintiffs that bear no connection to the forum. *Id.; see also Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004) ("[a] plaintiff must establish the court's jurisdiction with respect to each claim asserted") (emphasis in original).

Although *Bristol-Myers Squibb* involved a mass tort case rather than a class action, the *Chufen Chen* trial court nevertheless agreed that "this principle of mass tort personal jurisdiction applies equally to the named plaintiffs of a putative class action." 2018 U.S. Dist. LEXIS 234591, at *13. The court ordained that "[f]rom a constitutional perspective, the Court sees no meaningful difference between the plaintiffs of a mass tort action and the named plaintiffs of a class action." *Id.* Accordingly, the *Chufen Chen* trial court dismissed the false advertising claims based on food purchased outside of New York, finding it lacked personal jurisdiction over the defendant as to those claims. *Id.* at *15. On appeal, the Second Circuit affirmed that dismissal. *See Chufen Chen*, 954 F.3d at 500 ("The district court correctly dismissed the out-of-state plaintiffs' claims for lack of personal jurisdiction.").

The same result should obtain here. Under the Constitution and due process considerations, Wendy's is not subject to jurisdiction in New York for burger purchases by plaintiffs in other states that bear no connection to New York. Just as in *Chufen Chen*, the attempted false advertising claims under the consumer protection laws of all 50 states and the District of Columbia should be dismissed for consumers whose purchases of Wendy's products bear no connection to New York.

Indeed, nothing in Plaintiff's complaint supports the exercise of personal jurisdiction over such remote plaintiffs and purchases. Plaintiff alleges that he is a resident of New York and that he purchased a Bourbon Bacon Cheeseburger and a Big Bacon Cheddar Cheeseburger at a

Wendy's store within the Court's district. Compl. at ¶ 44. While Plaintiff makes a conclusory allegation that personal jurisdiction exists over Wendy's in this district, *id.* at ¶ 49, no factual allegations support that conclusion. As in *Chufen Chen*, *Bristol-Myers Squibb*, and other authority, *Plaintiff's* purchase of Wendy's burgers in New York does not create specific jurisdiction over Wendy's for claims that arise from purchases made outside New York by non-resident consumers.

And Wendy's certainly is not subject to general jurisdiction in New York and no allegation of the Complaint establishes otherwise. Plaintiff correctly alleges that Wendy's is an Ohio limited liability company with its principal place of business in Ohio. *Id.* at ¶ 45. Wendy's therefore lacks "continuous and systematic" contacts with New York sufficient to support general jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (exercise of general jurisdiction will not comport with the Due Process unless a defendant's contacts are so "'continuous and systematic' as to render it essentially at home in the forum"); *Chufen Chen*, 954 F.3d at 498 (observing that except in a "truly exceptional case" a corporate defendant is at home only where it is incorporated or maintains its principal place of business) (citing and quoting *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016)).[10] Moreover, Plaintiff affirmatively alleges that Wendy's is a "citizen of the State of Ohio and is headquartered with its principal place of business in the state

_____

[10] As an LLC, Wendy's would be considered a resident of the state of its members for purposes of determining diversity and *subject matter* jurisdiction. That is not true for purposes of *personal* jurisdiction. Congress provided in CAFA cases like this one, *see* Compl. at ¶ 47, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). And courts applying the *Daimler* "at home" analysis look to the state of incorporation and principal place of business of LLCs. *See, e.g.*, *Finn v. Great Plains Lending, LLC*, No. 15-4658, 2016 U.S. Dist. LEXIS 21558, at *7 n.3 (E.D. Pa. Feb. 23, 2016) (reviewing *Daimler* analysis of corporation and LLC subsidiary); *Jean-Louis v. Carrington Mortg. Servs.*, No. 19-CV-04302, 2020 U.S. Dist. LEXIS 37586, at *7 n.6 (E.D.N.Y. Mar. 4, 2020) ("Plaintiff's suggestion that *Daimler* does not apply to limited liability companies conflates the test for diversity with that of personal jurisdiction."); *Sheree Cosmetics, LLC v. Kylie Cosmetics, LLC*, No. 18-CV-9673, 2019 U.S. Dist. LEXIS 120855, at *5 (S.D.N.Y. July 19, 2019) (applying *Daimler* analysis to LLC).

of Ohio," Compl. at ¶ 47, further demonstrating that Wendy's is not subject to general jurisdiction in New York. Nothing about this case is "truly exceptional," so as to remove it from the typical *Daimler* analysis. To the contrary, it is remarkably on point with *Chufen Chen* – alleged false advertising and deceptive practices claims against the seller and advertiser of beef sandwich products – which held that no personal jurisdiction existed for claims related to purchases outside of New York. *See* 2018 U.S. Dist. LEXIS 234591, at *13-16, *aff'd* 954 F.3d 492.

Wendy's acknowledges that *Chufen Chen* concerned claims by *named* plaintiffs in a putative nationwide class, and the trial court there noted that it was not deciding whether the same holding would apply to unnamed class members because that issue was not before the court. *See id.* at *13 n.5. But the procedural posture in *Chufen Chen* actually underscores why its holding should apply with even greater force to unnamed class members. In *Chufen Chen*, plaintiffs from states outside New York appeared in this district and were prepared personally to litigate their claims for food purchases in other states where they resided. This Court and the Second Circuit held that the Due Process clause did not support the exercise of personal jurisdiction over a non-resident defendant concerning such claims. Declining to extend the *Bristol-Myers Squibb* and *Chufen Chen* holding to unnamed class members would lead to the anomalous and illogical result that a court would have greater jurisdiction to consider the claims of an absent, non-resident class member than to consider the **identical claims of the same claimant** who willingly appears in the district as a named plaintiff.

Nothing in Rule 23 or any other applicable law compels this sort of contrary result. "The constitutional requirements of due process does not wax and wane when the complaint is individual or on behalf of a class." *In re Dental Supplies Antitrust Litig.*, 2017 U.S. Dist. LEXIS 153265, at *37 (E.D.N.Y. Sep. 20, 2017). Creating a Rule 23 exception to exercise personal

jurisdiction over **substantively identical claims** in this case would run contrary to the Rules Enabling Act, which provides that the Federal Rules of Procedure "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072. The Supreme Court has repeatedly stressed that this limitation applies to Rule 23 just as to the rest of the Federal Rules. *See, e.g.*, *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999) ("[N]o reading of [Rule 23] can ignore the Act's mandate that 'rules of procedure 'shall not abridge, enlarge or modify any substantive right.'"); *Amchem Prods. v. Windsor*, 521 U.S. 591, 613 (1997) ("Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that rules of procedure 'shall not abridge, enlarge or modify any substantive right.'").

Likewise, nothing in *Bristol-Myers Squibb* supports this result. Its holding was clear: specific jurisdiction depends on "a connection between the forum and the *specific claims* at issue." 137 S. Ct. at 1776 (emphasis added). That requirement exists regardless of whether the claims are asserted directly by the person who holds them (as in *Chufen Chen*) or by a class representative. Stated conversely, the "specific claims" do not somehow acquire a greater connection to the subject forum because they are asserted by a class representative than by the individual plaintiff who holds them. Creating a class action exception for claims of remote purchasers outside of New York based on Rule 23 and the presence of only a New York class representative would run contrary to the central holding of *Bristol-Myers Squibb*:  under the Constitution, there is a need for a "connection between the forum and the specific claims at issue . . . even when third parties . . . can bring claims similar to those brought by the nonresidents." *Id*. at 1781.

Courts in this district, other districts in the Second Circuit, and around the country have applied *Bristol-Myers Squibb* to dismiss claims of non-resident class members that do not comport with the Due Process Clause. *See, e.g., In re Dental Supplies Antitrust Litig.*, 2017 U.S. Dist.

LEXIS 153265, at *36 ("Personal jurisdiction in class actions must comport with due process just the same as any other case."); *Smith v. Apple, Inc.*, No. 21cv3657, 2022 U.S. Dist. LEXIS 19177, at *11 (S.D.N.Y. Feb. 2, 2022); *Spratley v. FCA US LLC*, No. 3:17-CV-0062, 2017 U.S. Dist. LEXIS 147492, at *19 (N.D.N.Y. Sep. 12, 2017); *Chizniak v. Certainteed Corp.*, No. 1:17-CV-1075, 2020 U.S. Dist. LEXIS 17020, at *12 (N.D.N.Y. Jan. 30, 2020); *Gazzillo v. Ply Gem Indus.*, No. 1:17-CV-1077, 2018 U.S. Dist. LEXIS 180303, at *19 (N.D.N.Y. Oct. 22, 2018); *Stacker v. Intellisource, LLC*, No. 20-2581-JWB, 2021 U.S. Dist. LEXIS 119638, at *30 (D. Kan. June 28, 2021) ("A defendant should not be required to litigate claims that have no connection to this state solely because the claims are those of unnamed class members."); *Carpenter v. Petsmart, Inc.*, 441 F. Supp. 3d 1028, 1035 (S.D. Cal. 2020) ("[T]he rationale for the holding in *Bristol-Myers Squibb* indicates that if and when the Supreme Court is presented with the question, it will also hold that a state cannot assert specific personal jurisdiction over a defendant for the claims of unnamed class members that would not be subject to specific personal jurisdiction if asserted as individual claims"). Other courts have reached a contrary result.

Wendy's respectfully submits that this Court should apply *Bristol-Myers Squibb* logically and consistently with the Due Process Clause and *Chufen Chen* to hold that it lacks jurisdiction to consider the claims of remote purchasers with no connection to New York. There is no legal or logical basis to conclude that the Court has constitutional authority to adjudicate the claims of absent class members for purchases outside of New York when the Second Circuit has affirmed that it would lack the authority to adjudicate the ***same claim by the same claimant*** if she appeared as a named party and asserted them personally.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant Wendy's Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety.

Dated: September 30, 2022

Respectfully submitted,

s/ Adam R. Fox
Adam R. Fox (5082151)
**SQUIRE PATTON BOGGS (US) LLP**
555 South Flower Street, 31st Floor
Los Angeles, CA  90071
Telephone: (213) 624-2500
adam.fox@squirepb.com

Scott A. Kane (*Pro Hac Vice*)
**SQUIRE PATTON BOGGS (US) LLP**
201 E. Fourth St., Suite 1900
Cincinnati, OH 45202
Telephone: (513) 361-1200
scott.kane@squirepb.com

*Counsel for Wendy's International, LLC*