**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUSTIN CHIMIENTI,<br><br>                    Plaintiff,<br><br>    vs.<br><br>WENDY'S INTERNATIONAL, LLC, AND<br>MCDONALD'S CORPORATION,<br><br>                    Defendants. | Case No.: 2:22-CV-02880-HG<br><br><br>The Honorable Hector Gonzalez |

**PLAINTIFF'S OPPOSITION TO WENDY'S INTERNATIONAL, LLC'S
NOTICE OF MOTION TO DISMISS AND MEMORANDUM OF LAW IN
SUPPORT OF SAME AND MCDONALD'S CORPORATION'S
MOTION TO DISMISS CLASS ACTION COMPLAINT**

James C. Kelly
The Law Office of James C. Kelly
244 5th Avenue, Suite K-278
New York, New York 10001

Mark Anthony Panzavecchia
Panzavecchia & Associates, PLLC
1000 Franklin Ave., Suite 204
Garden City, New York 11530

Anthony J. Russo, Jr.
Anthony J. Russo, Jr., P.A.
d/b/a The Russo Firm
301 West Atlantic Avenue, Suite 0-2
Delray Beach, Florida 33444

*Co-counsel for Plaintiff
and the proposed class*

**TABLE OF CONTENTS**

I.      INTRODUCTION………………………………………………………………...1

II.     STATEMENT OF FACTS…………………………………………………...…….....1

III.    LEGAL STANDARD………………………………………………………….……..2

IV.     ARGUMENT…………………………………………………………………....2

        A.      Plaintiff Adequately Pled Claims For Violation Of New York
                General Business Law GBL § 349…………………………………...…….....2

                1.      The Reasonable Consumer Standard Applies………….…….…………3

                2.      Whether Defendants' Advertisements Are Likely To Deceive
                        A Reasonable Consumer Is A Question Of Fact That Cannot
                        Be Resolved As A Matter Of Law……………………………...…….3

                3.      Defendants' Advertisements Are Likely To Deceive
                        a Reasonable Consumer……………………………………………...4

                4.      The Advertisements at Issue Are Not Legal Puffery………….……..9

                5.      Plaintiff has Adequately Alleged a GBL § 349 Injury…..…………...11

        B.      Plaintiff Adequately Pled Common Law Claims…………………………...13

                1.      Breach of Contract………………………………………….……..13

                2.      Negligent Misrepresentation…………………………….…...…..…14

                3.      Unjust Enrichment………………………………..……………...…14

        C.      It Is Premature To Address Claims Alleged On Behalf of Absent
                Class Members……………………………………………………...…..15

V.      CONCLUSION……………………...…………………………………16

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                          **Page(s)**

*Ackerman v. Coca-Cola Co.*,
    No. CV-09-0395 (JG) (RML), 2010 WL 2925955 (E.D.N.Y. July 21, 2010)………..…..6

*Albert v. Blue Diamond Growers*,
    151 F. Supp. 3d 412 (S.D.N.Y. 2015)……………………………………………………6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)…………………………………………………………….……2

*Atik v. Welch Foods, Inc.*,
    No. 15-CV-5405 (MKB) (VMS), 2016 WL 5678474 (E.D.N.Y. Sept. 30, 2016)……...3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 555 (2007)…………………………………………………….……2

*Bohlke v. Shearer's Foods, LLC*,
    No. 14-cv-80727, 2015 WL 249418 (S.D. Fla. Jan. 20, 2015)……………………………3

*Bowring v. Sapparo U.S.A., Inc.*,
    234 F. Supp. 3d 386 (E.D.N.Y. Feb. 10, 2017)………………………………...………7

*Brown v. Kellogg Sales Co.*,
    No. 1:20-CV-7283-ALC, 2022 U.S. Dist. LEXIS 60748 (S.D.N.Y. Mar. 31, 2022)……..7

*Chuang v. Pepper Snapple Grp., Inc.*,
    No. CV 17-01875, 2017 U.S. Dist. LEXIS 163337 (C.D. Cal. Sep. 20, 2017)……...…7

*Chufen Chen v. Dunkin' Brands, Inc.*,
    954 F.3d 492, (2d Cir. 2020)……………………………………………………………7, 8

*Colella v. Atkins Nutritionals, Inc.*,
    348 F. Supp. 3d 120 (E.D.N.Y. 2018)……………………………….………12, 13

*Cordoba v. DIRECTV, LLC*,
    942 F.3d 1259 (11th Cir. 2019)……………………………………….………15

*Davis v. Avvo, Inc.*,
    345 F. Supp. 3d 534 (S.D.N.Y. 2018)……………………………………...…………10

*Daniel v. Mondelez Int'l*,
    287 F. Supp. 3d 177 (E.D.N.Y. 2018)…………………………………...…………12

*Delgado v. Ocwen Loan Servicing, LLC*,
 13-CV-4427, 2017 WL 5201079 (E.D.N.Y. Nov. 9, 2017)……………………..…………14

*Donnenfeld v. Petro, Inc.*,
 333 F. Supp. 3d 208 (E.D.N.Y. 2018)………………………………………....…………15

*Fermin v. Pfizer Inc.*,
 215 F. Supp. 3d 209 (E.D.N.Y. 2016)………………………………………….……………7

*Fink v. Time Warner Cable*,
 714 F.3d 739 (2d Cir. 2013)……………………………………………………….……………3

*Goldemberg v. Johnson & Johnson Consumer Cos, Inc.*,
 8 F.Supp.3d 467 (S.D.N.Y. 2014)…………………………………………....…………6

*Greene v. Gerber Prods. Co.*,
 262 F. Supp. 3d 38 (E.D.N.Y. 2017)………………………………………….……………13

*Harsco Corp. v. Segui*,
 91 F.3d 337 (2d Cir. 1996)……………………………………………………….……………13

*In re Digital Music Antitrust Litig.*,
 812 F. Supp. 2d 390 (S.D.N.Y. 2011)………………………………………....…………14

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
 No. 12-MD-2413 (RRM) RLM, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013)…………4

*Izquierdo v. Mondelez Int'l, Inc.*,
 No. 16-4697, 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016)…………………………12, 13

*Izquierdo v. Panera Bread Co.*,
 450 F. Supp. 3d 453 (S.D.N.Y. 2020)…………………………………………....…………13

*Langan v. Johnson & Johnson Consumer Cos.*,
 897 F.3d 88 (2d Cir. 2018)……………………………………………………….……………15

*Louisiana-Pacific Corp. v. James Hardie Building Prods., Inc.*,
 928 F.3d 514 (6th Cir. 2019)…………………………………………………....…………9

*Kasky v. Nike, Inc.*,
 27 Cal.4th 939 (2002)………………………………………………………………..…………6

*Mandarin Trading Ltd. v. Wildenstein*,
 16 N.Y. 3d 173 (2011)…………………………………………………………....……………14

*Mantikas v. Kellogg Co.*,
   910 F.3d 633 (2d Cir. 2018)………………………………………………..…………5, 6

*Marty v. Anheuser-Busch Co., LLC*,
   43 F. Supp. 3d 1333 (S.D. Fla. 2014)…………………………………..…………6

*McKinniss v. Sunny Delight Bevs. Co.*,
   No. CV 07-02034, 2007 U.S. Dist. LEXIS 96108 (C.D. Cal. Sep. 4, 2007)……...…10, 11

*Mimedx Grp., Inc. v. Osiris Therapeutics, Inc.*,
   No. 16 Civ. 3645 (KPF), 2017 WL 3129799 (S.D.N.Y. July 21, 2017)……………..……6

*Naimi v. Starbucks Corp.*,
   798 F. App'x 67 (9th Cir. 2019)…………………………………………..……12, 13

*Orlander v. Staples, Inc.*,
   802 F. 3d 289 (2d Cir. 2015)…………………………………………..…………11

*Quinn v. Walgreen Co.*,
   958 F. Supp. 2d 533 (S.D.N.Y. 2013)………………………………………..…………3

*Romero v. Flowers Bakeries, LLC*,
   Case No. 14-cv-05189-BLF, 2016 WL 469370 (N.D. Cal. Feb. 8, 2016)……….....……6

*Shalikar v. Asahi Beer U.S.A., Inc.*,
   2017 WL 9362139 (C.D. Cal. Oct. 16, 2017)…………………………………….…..6

*Solak v. Hain Celestial Grp., Inc.*,
   No. 3:17-CV-0704, 2018 U.S. Dist. LEXIS 64270 (N.D.N.Y. Apr. 17, 2018)……...……7

*Sotheby's Fin. Servs. v. Baran*,
   107 Fed. Appx. 235 (2d Cir. 2004)…………………………………………………10

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016)………………………………………………...…………15

*Stoltz v. Fage Dairy Processing Indus.*,
   S.A., No. 14-cv-3826, 2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015)……………………3

*Trend & Style Asia HK Co. v. Pac. Worldwide, Inc.*,
   No. 14-CV-9992 SAS, 2015 WL 4190746 (S.D.N.Y. July 10, 2015)……………...……14

*Warner Cable v. Directv*,
   497 F.3d 144 (2d Cir. 2007)……………………………………………….…………9

*Williams v. Burger King Corp.*,
    No. 19-24755-SINGHAL, 2020 WL 5083550 (S.D. Fla. July 20, 2020)…………..…13

*Williams v. Gerber Prod. Co.*,
    552 F.3d 934 (9th Cir. 2008)………………………………………...………….3, 4, 6

*Workman v. Plum Inc.*,
    141 F. Supp. 3d 1032 (N.D. Cal. 2015)…………………………….…………7, 11

*Wysong Corp. v. APN, Inc.*,
    889 F.3d 267 (6th Cir. 2018)………………………………………...………….9

**Statutes**

C.F.R. § 101.22(i)(1)(i-iii)……………………………………………….…………10

Fed. R. Civ. P. 8(a)………………………………………………….……………2

Fed. R. Civ. P. 8(a)(3)……………………………………………………………14

New York General Business Law § 349…................................................2, 3, 6, 11, 12

New York General Business Law § 350……………………………...…………6

Plaintiff Justin Chimienti ("Plaintiff") respectfully submits this opposition to the motions to dismiss filed by Defendant Wendy's International, LLC ("Wendy's"), and Defendant McDonald's Corporation ("McDonald's").

## I.  INTRODUCTION

Defendants Wendy's and McDonald's are materially overstating the size of certain menu items pictured in their advertisements and are unfairly promising consumers more food than what is delivered.  Despite this, Defendants ask the Court to dismiss all of Plaintiff's claims and allow them to continue to materially overstate the size of their menu items because they are legally entitled to and/or consumers should have known or figured out on their own that the items pictured in their advertisements would be materially larger than the items received.  Plaintiff respectfully requests that the Court deny Defendants' motions as Plaintiff has provided sufficient evidence to show that a reasonable consumer would likely be deceived by Defendants' advertising.

## II.  STATEMENT OF FACTS

This class action challenges Defendants deceptive marketing practices for certain Wendy's and McDonald's menu items (hereinafter referred to as "Menu Items").  *See* Class Action Complaint ("Complaint") ¶¶ 13, 37.  Specifically, Plaintiff alleges that Defendants materially overstate the size and/or amount of the beef patties and/or toppings in nearly every menu item in their current advertisements and store menu ordering boards. *Id*. at ¶¶ 1-42.

Plaintiff alleges that he expected the Menu Items that he purchased to be similar in size to the pictures of the items in Defendants' advertisements and on Defendants' store menu ordering board. *Id*. at ¶ 44.

Unbeknownst to Plaintiff, the Menu Items were much smaller than advertised. *Id*. As a result, Plaintiff has been deceived and has suffered economic injury. *Id*. at ¶¶ 44, 69, 75, 85.

## III.    LEGAL STANDARD

The notice pleading standard of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). At this stage of the lawsuit, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556).

## IV.    ARGUMENT

### A.    Plaintiff Adequately Pled Claims For Violation Of New York General Business Law GBL § 349

The core of Defendants' argument is their view that no reasonable consumer would believe that Defendants' Menu Items would look the same as the images in Defendants' advertising, and consequently, Plaintiff's statutory consumer protection claims fail as a matter of law. However, Plaintiff is not challenging misleading advertisements that show images of perfectly crafted and presented menu items that do not exactly match or look like the items served to customers. Here, Plaintiff only challenge Defendants' advertisements for materially overstating the size of the beef patties and/or the amount of toppings. The relevant inquiry at this stage is whether it is impossible for Plaintiff to prove that a reasonable consumer would likely be deceived by Defendants'

advertisements concerning the size of the Menu Items being advertised.  As explained below, a reasonable consumer would likely be deceived.

### 1.    The Reasonable Consumer Standard Applies

The "reasonable consumer" standard applies here to determine whether a representation is false or deceptive under GBL § 349.  *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).  Under the reasonable consumer standard, plaintiff must only show that consumers are likely to be deceived by a representation.  *Id*.

### 2.    Whether Defendants' Advertisements Are Likely To Deceive A Reasonable Consumer Is A Question Of Fact That Cannot Be Resolved As A Matter Of Law

Whether a representation is likely to deceive is almost always a question of fact, not appropriate for resolution on a motion to dismiss.  *See Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 543 (S.D.N.Y. 2013) (whether a "particular act or practice is deceptive [under New York General Business Law § 349] is usually a question of fact")*; Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-cv-3826, 2015 WL 5579872, at *20 (E.D.N.Y. Sept. 22, 2015) ("[a] federal trial judge, with a background and experience unlike that of most consumers, is hardly in a position to declare that reasonable consumers would not be misled") (internal citations omitted); *Bohlke v. Shearer's Foods, LLC*, No. 14-cv-80727, 2015 WL 249418, at *9 (S.D. Fla. Jan. 20, 2015) ("[w]hether [specific] conduct constitutes an unfair or deceptive trade practice is a question of fact for the jury to determine") (internal citations omitted).

As such, dismissal of a false advertising claim is appropriate only in a "rare situation," where "it [is] impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 939 (9th Cir. 2008); *Atik v. Welch Foods, Inc.*, No. 15-CV-5405 (MKB) (VMS), 2016 WL 5678474, at *8 (E.D.N.Y. Sept. 30, 2016)

3

(adopting *Williams'* "rare situation" standard); *see also In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 (RRM) RLM, 2013 WL 4647512, at *16 (E.D.N.Y. Aug. 29, 2013) (for a court to grant a motion to dismiss, the label's context must meet the "heavy burden of 'extinguish[ing] the possibility' that a reasonable consumer could be misled.") (citation omitted).

Here, it cannot be determined as a matter of law that it would be impossible for reasonable consumer to be deceived by Defendants' advertisements.

### 3. Defendants' Advertisements Are Likely To Deceive a Reasonable Consumer

Defendants overstate the size of their beef patties in advertisements by 15-20%. Complaint ¶¶ 8, 26. As evidence, and as examples, Plaintiff provides images of Wendy's Bourbon Bacon Cheeseburger and McDonald's cheeseburger compared to images of what is received by customers. *Id*. at ¶¶ 4-24, 28, 31.

Plaintiff has also cited evidence from various food review critics and consumers that felt cheated and disappointed about the size of several Wendy's Menu Items. *Id*. at ¶¶ 17-24. Because the food critics cited by Plaintiff, many who have a long history of reviewing menu items from various quick serve restaurants, were deceived by Wendy's advertisements, it is likely that a reasonable consumer would also be deceived by the same advertisements.

Plaintiff also cites evidence showing that a food stylist that worked for both Wendy's and McDonald's admitted that she undercooks beef patties for hamburger advertisements because that "ensures a big, plump patty, whereas fully cooked burgers tend to shrink and look less appetizing."

Wendy's argues that there is no deception here because the patty weights for its burgers are available on its website so that customers can find out on their own that its advertisements are overstated. *See* Wendy's International, LLC's Notice Of Motion To Dismiss And Memorandum Of Law In Support Of Same, at 6-9. However, there is no evidence that the patties actually

received by customers are the same weights as advertised by Defendants. Moreover, Wendy's does not disclose the weights of the beef patties for all of its Menu Items.

Wendy's does disclose the weights for its burgers with alleged quarter pound patties on its website, including the Bourbon Bacon Cheeseburger and Dave's Single. However, consumers cannot be expected to view Wendy's website prior to purchasing any menu items. Furthermore, the weights are disclosed in small fine print on Wendy's website and it only discloses the alleged quarter pound beef patty weights "before cooking". A picture is worth a thousand words and the patties displayed in Defendants' advertisements are representing to consumers what the patties will look like after it is cooked. In general, meat shrinks 25% when cooked. Complaint ¶ 9. In addition, "[m]eat can shrink by as little as 10 percent of its starting weight or by as much as 50 percent." *See* https://www.ehow.com/info_12302976_much-meat-shrink-after-cooked.html. Without knowing the amount by which beef shrinks after cooking and/or the quality of beef used by Defendants, consumers cannot determine on their own that the patties in Defendants' advertisements are materially overstated, or how much meat they will actually receive.

Consumers cannot be expected to analyze pre-cooked weight disclosures in small print on Defendants' websites to determine whether a menu item is materially overstated in an advertisement or store menu ordering board.[1] *Cf. Mantikas v. Kellogg Co*., 910 F.3d 633, 637 (2d Cir. 2018) (holding that "[w]e conclude that a reasonable consumer should not be expected to consult the Nutrition Facts panel on the side of the box to correct misleading information set forth

---

[1] In addition, consumers cannot be expected to return fast food menu items after purchase when they later discover that it is materially smaller than represented. Even if the consumer was still at the store location when the materially smaller menu item was discovered, a reasonable consumer would feel disappointed and cheated but are not likely to go through the aggravation and potential embarrassment of attempting to return a menu item. There is also no evidence to suggest that Defendants would accept a return of an opened menu item in this case because Defendants are arguing that consumers were not deceived or damaged here.

in large bold type on the front of the box."); *Marty v. Anheuser-Busch Co*., LLC, 43 F. Supp. 3d 1333, 1358 (S.D. Fla. 2014) ("A reasonable consumer is not required to open a carton or remove a product from its outer packaging in order to ascertain whether representations made on the face of the packaging are misleading")*; Williams v. Gerber Prod. Co*., 552 F.3d 934, at 938 ("We disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box.")[2]

How a consumer interprets a particular representation is a question of fact that should be addressed by the trier of fact after sufficient discovery. *See*, *e.g.*, *Shalikar v. Asahi Beer U.S.A., Inc.*, 2017 WL 9362139, at *8 (C.D. Cal. Oct. 16, 2017) (holding that "[t]he effect of the disclosures cannot be determined as a matter of law on the present record."); *Goldemberg v. Johnson & Johnson Consumer Cos, Inc*., 8 F.Supp.3d 467, 480 (S.D.N.Y. 2014) ("[T]he Court cannot hold as a matter of law that the product labels are not misleading to a reasonable consumer.").

---

[2] *See also Mimedx Grp., Inc. v. Osiris Therapeutics, Inc*., No. 16 Civ. 3645 (KPF), 2017 WL 3129799, at *14 (S.D.N.Y. July 21, 2017) (denying motion to dismiss GBL §§ 349 and 350 claims when complaint "adequately alleges [] literally or impliedly false statements"); *Romero v. Flowers Bakeries, LLC*, Case No. 14-cv-05189-BLF, 2016 WL 469370, at *7 (N.D. Cal. Feb. 8, 2016) ("[A] representation need not be false to mislead a reasonable consumer…"); *Albert v. Blue Diamond Growers*, 151 F. Supp. 3d 412 (S.D.N.Y. 2015) (refused to grant the defendant's motion to dismiss claims brought under New York and California consumer false fraud statutes for describing its almond milk product as "made from real almonds" and showing a "number of almonds on the . . . packaging," when in fact no more than 2% of its content was almonds); *Ackerman v. Coca-Cola Co*., No. CV-09-0395 (JG) (RML), 2010 WL 2925955, at *18 (E.D.N.Y. July 21, 2010) (holding that California law prohibits "not only advertising which is false, but also advertising which [,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.") (citing *Kasky v. Nike, Inc*., 27 Cal.4th 939, 951 (2002)).

The cases cited by Wendy's are misplaced as they concern disclosures directly on the product packaging and do not require that a consumer go to a company's website to determine that an affirmative explicit representation of a product is materially false. *See Brown v. Kellogg Sales Co.*, No. 1:20-CV-7283-ALC, 2022 U.S. Dist. LEXIS 60748 (S.D.N.Y. Mar. 31, 2022), at *11 (dismissing claim that a strawberry image on a Pop-Tarts box is misleading: "[T]he photo of the fresh half strawberry must be viewed in context.  No reasonable consumer would see the entire product label . . . and reasonably expect that fresh strawberries would be the sole ingredient in the Product."); *Chuang v. Pepper Snapple Grp., Inc*., No. CV 17-01875, 2017 U.S. Dist. LEXIS 163337, at *11 (C.D. Cal. Sep. 20, 2017) ("Plaintiff does not adequately allege how the images and statements are false, in particular because an independent review of the product labels reveals that the statements are not false, as the products do contain the fruits and vegetables depicted.").[3]

*Chufen Chen v. Dunkin' Brands, Inc*., 954 F.3d 492, (2d Cir. 2020), did not concern the amount of food being promised in advertisements.  In *Chufen Chen*, the plaintiffs alleged that they expected their angus steak sandwiches to contain an unadulterated cut of angus steak, but, as the

---

[3] See also *Workman v. Plum Inc*., 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (granting motion to dismiss because label images "contain[ed] no affirmative misrepresentations" and "all of the items pictured are actually present in the product": "[A] reasonable consumer would simply not view pictures on the packaging of a puree pouch or box of fruit bars and assume that the size of the items pictured directly correlated with their predominance in the blend."); *Solak v. Hain Celestial Grp., Inc*., No. 3:17-CV-0704, 2018 U.S. Dist. LEXIS 64270, at *13-14 (N.D.N.Y. Apr. 17, 2018) (granting motion to dismiss because "'any potential ambiguity' that might arise about the Product's vegetable content as a result of the challenged picture 'could be resolved by the back panel of the products, which list[s] all ingredients in order of predominance'"); *Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209 (E.D.N.Y. 2016) (granting motion to dismiss a false advertising complaint alleging consumer deception arising from "excessive empty space" in Advil containers because the label displayed the number of pills); *Bowring v. Sapparo U.S.A., Inc*., 234 F. Supp. 3d 386 (E.D.N.Y. Feb. 10, 2017) (holding that no reasonable consumer would believe that Sapporo beer was brewed in Japan, despite the use of Japanese imagery, trademarked North Star symbol representing Japan, and the word "imported" on the label, because the label also included a disclosure of the beer's Canadian origin).

court found, the Dunkin' Donuts' advertisements "clearly depict the 'steak' in the Products as a beef patty." *Id*. at 501-502.

McDonald's argues that images from the same Insider article Plaintiff referenced in the Complaint shows burger patties extending all the way to the edge of the bun, indicating that they match McDonald's advertisements, and claim Plaintiff's cherry-picked photos that did not have patties all the way to the edge of the bun. *See* Memorandum Of Law In Support Of McDonald's Corporation's Motion To Dismiss Class Action Complaint, at 6. However, the photos in the Insider article show the burgers displayed from their most appetizing angle. Upon closer inspection, it can be seen that the beef patties are not centered on the bun. If the burger patties were properly centered on the bun, as McDonald's advertisements make them appear, they would not have extended all the way to the edge of the bun. Although the author of the article stated that the cheeseburger had a perfect "bun-to-patty ratio", that was his opinion concerning the overall taste of the burger and he was not comparing the size of the patty to the advertised picture of the patty. Indeed, the author also stated that the three patties in the triple cheeseburger "threw off the burger-to-bun ratio." But again, he was not stating his opinion in comparison to McDonald's advertisements. With respect to McDonald's Quarter Pounder patties, the issue is not that the patties did not come close to the edge of the bun, but the advertisements for the Quarter Pounder patties show them to be materially thicker than the actual cooked patties that customers receive. Plaintiff is not claiming that he did not enjoy the taste of his cheeseburger or Big Mac from McDonald's. It is only that he expected materially larger beef patties and felt shortchanged by the size as McDonald's sets expectations too high in its advertisements.

### 4.    The Advertisements at Issue Are Not Legal Puffery

Defendants argue that the overstated images in their advertisements are considered legal puffery and that the Court must dismiss Plaintiff's claims as a matter of law.    However, Defendants' advertisements do not fall under the legal definition of puffery.    The Second Circuit has held that claims of puffery are "'[s]ubjective claims about products, which cannot be proven either true or false.'"    *Warner Cable v. Directv*, 497 F.3d 144, 159 (2d Cir. 2007) (citation omitted). Defendants' images of their menu items are not subjective claims but objective claims about the look, the size, and the amount of the ingredients that a consumer can reasonably expect when they purchase the represented menu item.    The allegations here, that advertisements, affirmatively and explicitly, materially overstate the size and amount of ingredients contained in the hamburger products, are objective and measurable.    Defendants' heavy reliance on *Wysong Corp. v. APN, Inc.*, 889 F.3d 267 (6th Cir. 2018), is misplaced.    The court in *Wysong Corp.* only stated that a reasonable consumer would not expect a hamburger to "look just like the one pictured on the menu..." when discussing an example of legal puffery. *Id*. at 271.    Plaintiff has not alleged that he was damaged because the burger he purchased from Defendants did not "look exactly like" or "look just like the one pictured on the menu."    Plaintiff alleges that he incurred damages because Defendants materially misrepresented the amount of food promised in their advertisements.    The level of misstatement at issue here is also material and much greater that what a reasonable consumer would expect and the issue compounds for multi-patty menu items.

The other puffery related cases relied upon by Defendants are also misplaced as they do not involve affirmative explicit measurable statements like here.    In *Louisiana-Pacific Corp. v. James Hardie Building Prods., Inc*., 928 F.3d 514, 517–18 (6th Cir. 2019), the court found that "no buyer would reasonably assume that the phrase 'Pests Love It' conveys a quantifiable,

objective fact about pest preference." In *Davis v. Avvo, Inc.*, 345 F. Supp. 3d 534, 542 (S.D.N.Y. 2018), the court found that labeling an attorney as a "Pro" was non-actionable puffery. In *Sotheby's Fin. Servs. v. Baran*, 107 Fed. Appx. 235, 238 (2d Cir. 2004), the court found that "opinions" as to the values that gems could be sold at auction was puffery.

In *McKinniss v. Sunny Delight Bevs. Co.*, No. CV 07-02034, 2007 U.S. Dist. LEXIS 96108 (C.D. Cal. Sep. 4, 2007), the packaging at issue included images of real fruit, which plaintiffs asserted falsely implied that the products contained a significant amount of fruit or fruit juice. However, "FDA regulations permit illustrations of fruit on product labels to indicate that product's 'characterizing flavor,' even where the product contains no ingredients derived from the depicted fruit." *Id*. at *4 (citing 21 C.F.R. § 101.22(i)(l)(i-iii)). No such similar FDA regulations apply to Defendants' advertisements here. The court in *McKinniss* also observed that water and high fructose corn syrup were listed on the back label as the most prominent product ingredients, and also that the ingredient list stated that each product contained 2% or less of concentrated orange, tangerine, apple, lime, or grapefruit juice. *Id*. at 4.

Based on the label as a whole, the court in *McKinniss* found that no reasonable consumer could have concluded that Sunny Delight "contain[ed] significant quantities of fruit or fruit juice, particularly when the label identifie[d] the product as fruit 'flavored' and indicate[d] the exact fruit content of each product." *Id*. In particular, the court also noted that federally mandated nutritional labels "have long been required on food products and are familiar to almost every reasonable consumer," and that "[w]here a consumer can readily and accurately determine the composition and nutritional value of a product (here, by reading the front and back of the label), no reasonable consumer would be misled or deceived by depictions of fruit on a label." *Id*. The *McKinniss* court held that "[a] reasonable consumer who makes even a cursory review of the product labels at issue

here would find not only the precise fruit content of Defendant's products, but also that Defendant's products are fruit 'flavored' and contain minimal quantities of concentrated fruit juice". *Id.* No such comparisons can be found here.

*Workman v. Plum Inc*., 141 F. Supp. 3d 1032 (N.D. Cal. 2015), is similar to *McKinniss* as it did not concern an affirmative explicit representation of the size of the product but implicit representations of the composition and source of ingredients contained within the product. As required by the FDA, the product packaging contained a "Nutrition Facts" panel, listing all ingredients in descending order of predominance. *Id*. at 1034. "No reasonable consumer would expect the size of the flavors pictured on the label to directly correlate with the predominance of the pictured ingredient in the puree blend." *Id*. at 1036.

### 5.      Plaintiff has Adequately Alleged a GBL § 349 Injury

Plaintiff has adequately pled an injury under GBL § 349. The Second Circuit has held that, to plead a GBL § 349 injury, plaintiffs need only allege that they did not receive the product or services that defendant promised to deliver. *See Orlander v. Staples, Inc*., 802 F. 3d 289, 302 (2d Cir. 2015) (holding that to state a claim for injury under GBL § 349, "a plaintiff must allege that, on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase.").

Plaintiff has alleged that he purchases several Menu Items from Wendy's and McDonald's but he did not receive the Menu Items that Defendants' misleadingly represented he was purchasing. Complaint ¶ 44. Plaintiff alleges that he "expected the burgers that he purchased to be similar in size to the pictures of the burgers in Defendants' advertisements and on Defendants' store menu ordering boards. However, the size of the burgers that…[he]…received were much smaller than advertised and he was financially damaged as a result." *Id*. Plaintiff has alleged that

11

Defendants' beef patties were 15-20% smaller than promised.  Complaint ¶¶ 8, 26.  Plaintiff has also alleged that "Defendants' promise to consumers of a large portion of food with their purchase are also causing consumers to come to, or order from, Defendants' restaurants and make purchases that they would not have otherwise made."  Complaint ¶ 40.  This is more than enough detail to state a claim for injury under GBL § 349.

The individual purchase price paid by Plaintiff is not required.  The measure of damages here is the "full value of her purchase" less the value of the product received.  Although the average prices paid by Plaintiff and other members of the proposed class will be relevant in determining the "full value of her purchase" as advertised, such detailed damage analysis is not required at this stage.

The cases cited by McDonald's are misplaced or were incorrectly decided.  In *Izquierdo v. Mondelez Int'l, Inc*., No. 16-4697, 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016), a slack-fill class action, the plaintiff claimed that the candy box was deceptively large and only contained 28 pieces of candy when the box could actually hold at least 50 pieces of candy.  The court found that the packaging for the candy stated that it contained 28 pieces and that plaintiff failed to show the value of the candy was inflated just because of the size of the box.  *Id*.  Likewise, in *Daniel v. Mondelez Int'l*, 287 F. Supp. 3d 177, 193 (E.D.N.Y. 2018), another slack-fill case, the number of pieces of candy contained in the box were listed right there on the box.  In *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018), the plaintiff alleges that the diet product contained ingredients that were not fairly disclosed and was not a situation where the plaintiff received less food than promised.  Similarly, *Naimi v. Starbucks Corp*., 798 F. App'x 67

(9th Cir. 2019), concerned the composition of the ingredients contained in the product and not the overall size or amount of the product.[4]

### B.    Plaintiff Adequately Pled Common Law Claims

#### 1.    Breach of Contract

Plaintiff has adequately pled his breach of contract claim.  Under New York law, there are four elements in a breach of contract claim: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996).

Here, Plaintiff alleges that Defendants made an offer through its advertisements and provided specification of the essential terms, which were actual photographs of what the products looked like, and Plaintiff accepted and purchased the Menu Items based on the essential terms of the offers.  Complaint ¶¶ 70-75.  *See Williams v. Burger King Corp.*, No. 19-24755-SINGHAL, 2020 WL 5083550, at *3 (S.D. Fla. July 20, 2020) (holding that Burger King's advertisement was an offer that was accepted by plaintiffs).  Plaintiff also alleges that Defendants delivered Menu Items that were materially smaller than what was advertised and that they were damaged as a result.  *Id*.  Accordingly, Plaintiff has adequately pled a breach of contract.

---

[4] To the extent that *Izquierdo v. Mondelez Int'l, Inc*., No. 16-4697, 2016 WL 6459832, or the cases that relied on *Izquierdo*, which include *Naimi v. Starbucks Corp*., 798 F. App'x 67, and *Colella v. Atkins Nutritionals, Inc*., 348 F. Supp. 3d 120, can be read to require additional detail for Plaintiff's purchases, several courts in New York and the Eastern District have expressly declined to follow *Izquierdo*.  *See, e.g, Izquierdo v. Panera Bread Co*., 450 F. Supp. 3d 453, 465 (S.D.N.Y. 2020) (stating "I also note that at least three district courts in this Circuit have disagreed with the holding of *Izquierdo* because it 'contradicts the weight of the law in this Circuit ... [c]ourts routinely allow complaints that lack allegations of both cheaper and exactly comparable products to survive motions to dismiss.'")(citing *Greene v. Gerber Prods. Co.* , 262 F. Supp. 3d 38, 69 (E.D.N.Y. 2017)).

Defendants argue that Plaintiff failed to allege that he contracted with McDonald's or Wendy's as opposed to a franchise owned store, and thus, failed to allege privity. However, there is no evidence to suggest whether or not a particular McDonald's or Wendy's store location is store owned or owned by a franchise, such that Plaintiff, or any consumer, could make such an allegation.

### 2.    Negligent Misrepresentation

Plaintiff hereby withdraws his claim for negligent misrepresentation.

### 3.    Unjust Enrichment

In New York, the elements of an unjust enrichment claim are "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y. 3d 173, 182 (2011). Here, Plaintiff has adequately pled his unjust enrichment claim. *See* Complaint ¶¶ 86-89.

In addition, Fed. R. Civ. P. 8(a)(3) allows plaintiffs to plead their claims in the alternative in New York federal court. *See Trend & Style Asia HK Co. v. Pac. Worldwide, Inc*., No. 14-CV-9992 SAS, 2015 WL 4190746, at *5 (S.D.N.Y. July 10, 2015) (denying defendants' argument that plaintiff's unjust enrichment claim should be dismissed because it is duplicative, because Rule 8(a)(3) "expressly permit[s] plaintiffs to plead in the alternative, and the law is well settled in this regard."); *In re Digital Music Antitrust Litig*., 812 F. Supp. 2d 390, 411 n.11 (S.D.N.Y. 2011) ("The Court rejects Defendants' first argument: that unjust enrichment is disallowed where an adequate remedy at law exists. This argument is premature because Plaintiffs may plead in the alternative."); *Delgado v. Ocwen Loan Servicing, LLC*, 13-CV-4427, 2017 WL 5201079, at *15 (E.D.N.Y. Nov. 9, 2017) (same).

**C.      It Is Premature To Address Claims Alleged On Behalf of Absent Class Members**

Plaintiff has alleged parallel claims for violations of consumer protection statutes in each of the fifty states and the District of Columbia, and claims for breach of contract, negligent misrepresentation and unjust enrichment on behalf of a proposed nationwide class.  Complaint ¶¶ 67-89.  Defendants argue that claims under the laws of the states where Plaintiff do not reside should be dismissed.  Defendants' argument here is premature as it addresses class certification issues and whether claims under the laws of so many jurisdictions make a single nationwide class unmanageable.  At this stage, Plaintiff need only establish that he has standing to pursue his own claim.  *See Langan v. Johnson & Johnson Consumer Cos.* , 897 F.3d 88, 93 (2d Cir. 2018) (holding that "as long as the named plaintiffs have standing to sue the named defendants, any concern about whether it is proper for a class to include out-of-state, nonparty class members with claims subject to different state laws is a question of predominance under Rule 23(b)(3), not a question of 'adjudicatory competence' under Article III.") (citation omitted); *Donnenfeld v. Petro, Inc*., 333 F. Supp. 3d 208 (E.D.N.Y. 2018)(same); *see also Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1273 (11th Cir. 2019) ("[N]amed plaintiffs 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'") (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 n.6 (2016)); 1 William B. Rubenstein, NEWBERG ON CLASS ACTIONS§ 2:3 (5th ed. 2016) ("[T]he vast majority of courts continue to heed the basic rule that the standing inquiry focuses on the class representatives, not the absent class members.").

Consequently, courts consider a named plaintiff's fitness to represent absent class members' interests on class certification, rather than on a defendant's motion to dismiss.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants'

motions to dismiss in their entirety.  To the extent the Court is inclined to dismiss any of Plaintiff's

claims, Plaintiff respectfully requests that the Court do so without prejudice and permit Plaintiff

leave to file an amended complaint under Rule 15 of the Federal Rules of Civil Procedure.

Dated: November 7, 2022

<u>/s/ James C. Kelly</u>
James C. Kelly (JK-9616)
The Law Office of James C. Kelly
244 5th Avenue, Suite K-278
New York, New York 10001
T: 212-920-5042
E: jkelly@jckellylaw.com

Mark Anthony Panzavecchia
Panzavecchia & Associates, PLLC
1000 Franklin Ave., Suite 204
Garden City, NY 11530
T: 516-965-2854
E: mark@panzavecchialaw.com

Anthony J. Russo, Jr., P.A.
d/b/a The Russo Firm
301 West Atlantic Avenue, Suite 0-2
Delray Beach, FL 33444
T: 844-847-8300
E: anthony@therussofirm.com

*Co-counsel for Plaintiffs*
*and the proposed class*