# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN CHIMIENTI,<br><br>         *Plaintiff*,<br><br>v.<br><br>WENDY'S INTERNATIONAL, LLC, and McDONALD'S CORPORATION,<br><br>         *Defendants*. | Case No. 2:22-CV-02880-HG<br><br>The Honorable Hector Gonzalez<br><br>**WENDY'S INTERNATIONAL, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** |

Dated: November 21, 2022

Adam R. Fox (5082151)
**SQUIRE PATTON BOGGS (US) LLP**
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Telephone: (213) 624-2500
adam.fox@squirepb.com

Scott A. Kane (*Pro Hac Vice*)
**SQUIRE PATTON BOGGS (US) LLP**
201 E. Fourth St., Suite 1900
Cincinnati, OH 45202
Telephone: (513) 361-1200
scott.kane@squirepb.com

*Counsel for Wendy's International, LLC*

## TABLE OF CONTENTS_Toc119931355

TABLE OF AUTHORITIES ................................................................................................................ ii
I.    INTRODUCTION ................................................................................................................ 1
II.    ARGUMENT ........................................................................................................................ 2

    A.    Plaintiff's Consumer Protection Claim (Count I) Fails Because the Complaint Does Not Plausibly Allege a Deceptive Act or False Advertising............................................................................................................. 2

    B.    Plaintiff's Consumer Protection Claim (Count I ) Fails Because the Challenged Advertisements Are Non-Actionable Puffery. .................................. 5

    C.    Plaintiff's Common Law Claims Fail as a Matter of Law. ................................... 6

    D.    The Court Should Dismiss Purported Claims of Absent Class Members for Lack of Statutory Standing and Failure of Due Process. ....................................... 8

III.    CONCLUSION ................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Aluminum Warehousing Antitrust Litig.*,
   833 F.3d 151 (2d Cir. 2016)...................................................................................................9

*Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*,
   821 F.3d 352 (2d Cir. 2016)...................................................................................................9

*Atik v. Welch Foods, Inc.*,
   No. 15CV5405MKBVMS, 2016 WL 5678474 (E.D.N.Y. Sept. 30, 2016) ..............................3

*Axon v. Florida's Nat. Growers, Inc.*,
   813 F. App'x 701 (2d Cir. 2020) ...........................................................................................8

*Belfon v. Credit Check Total Consumerinfo.com, Inc.*,
   No. 2:18-CV-00408 (ADS)(SIL), 2018 WL 4778906 (E.D.N.Y. Oct. 1, 2018) ...........5, 7, 8, 9

*Boule v. Hutton*,
   328 F.3d 84 (2d Cir. 2003).....................................................................................................1

*Buonasera v. Honest Co., Inc.*,
   208 F. Supp. 3d 555 (S.D.N.Y. 2016).....................................................................................9

*Chavez v. Wal-Mart Stores, Inc.*,
   No. CV 13-6429-GHK, 2014 WL 12591252 (C.D. Cal. June 2, 2014) ..................................9

*Chufen Chen v. Dunkin' Brands, Inc.*,
   954 F.3d 492 (2d Cir. 2020)..........................................................................................1, 2, 10

*Davis v. Avvo, Inc.*,
   345 F. Supp. 3d 534 (S.D.N.Y. 2018).....................................................................................5

*In re Dental Supplies Antitrust Litig.*,
   2017 WL 4217115 (E.D.N.Y. Sep. 20, 2017).......................................................................10

*Devey v. Big Lots, Inc.*,
   No. 21-CV-6688L, 2022 WL 6827447 (W.D.N.Y. Oct. 12, 2022).........................................8

*Duran v. Henkel of America, Inc.*,
   450 F. Supp. 3d 337 (S.D.N.Y. 2020).....................................................................................5

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013)............................................................................................1, 2, 5

*Fishon v. Peloton Interactive, Inc.*,
    No. 19-CV-11711 (LJL), 2020 WL 6564755 (S.D.N.Y. Nov. 9, 2020) ................................... 6

*Frey v. Bekins Van Lines, Inc.*,
    748 F. Supp. 2d 176 (E.D.N.Y. 2010) ............................................................... 5, 7, 9, 10

*In re Frito Lay North America, Inc. All Natural Litigation*,
    No. 12-MD-2413 RRM RLM, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ........................ 3

*Gibson v. Bartlett Dairy, Inc.*,
    No. 20-CV-2848 (NGG) (SJB), 2022 WL 784746 (E.D.N.Y. Mar. 14, 2022) ........................ 9

*Jessani v. Monini N. Am., Inc.*,
    744 Fed. Appx. 18 (2d Cir. 2018) .................................................................................... 4

*Leonard v. Pepsico, Inc.*,
    88 F. Supp. 2d 116 (S.D.N.Y. 1999), *aff'd,* 210 F.3d 88 (2d Cir. 2000) ................................... 7

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    27 F. Supp. 3d 447 (S.D.N.Y. 2014) ................................................................................ 8

*Mantikas v. Kellogg Co.*,
    910 F.3d 633 (2d Cir. 2018) ............................................................................................ 4

*McKinniss v. Sunny Delight Bevs. Co.*,
    No. CV 07-02034-RGK, 2007 WL 4766525 (C.D. Cal. Sept. 4, 2007) ................................. 6

*Ortiz v. Fibreboard Corp.*,
    527 U.S. 815 (1999) ...................................................................................................... 10

*Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*,
    85 N.Y.2d 20, 647 N.E.2d 741 (1995) ............................................................................. 1

*Quinn v. Walgreen Co.*,
    958 F. Supp. 2d 533 (S.D.N.Y. 2013) .............................................................................. 3

*Shalikar v. Asahi Beer U.S.A., Inc.*,
    No. LA CV17-02713JAK, 2017 WL 9362139 (C.D. Cal. Oct. 16, 2017) ............................. 3

*Stoltz v. Fage Dairy Processing Indus., S.A.*,
    No. 14-CV-3826 MKB, 2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015) ................................ 3

*Trell v. Am. Ass'n for Advancement of Sci.*,
    310 F. App'x 447 (2d Cir. 2009) ..................................................................................... 7

*Uddoh v. United Healthcare*,
    254 F. Supp. 3d 424 (E.D.N.Y. 2017) .............................................................................. 7

*Warren v. John Wiley & Sons, Inc.*,
    952 F. Supp. 2d 610 (S.D.N.Y. 2013)..................................................................................7

*Workman v. Plum Inc.*,
    141 F. Supp. 3d 1032 (N.D. Cal. 2015) ...............................................................................6

*Wynn v. Topco Assocs.*,
    No. 19-CV-11104 (RA), 2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) .....................................4

I.      **INTRODUCTION**

Plaintiff insists that his false advertising claims are not based on images of "perfectly crafted and presented menu items that do not exactly match or look like the items served to customers." ECF 29 ("Opp.") at 2. Instead, he anchors his claims to the theory that Wendy's marketing somehow materially deceived him about the "size of [Wendy's] beef patties and/or the amount of toppings." *Id*. This argument fails because Plaintiff's complaint against Wendy's is based only on images in its ads; neither the complaint's allegations nor the Opposition's arguments identifies any objective statement by Wendy's concerning the size of the burgers or amount of their toppings that is allegedly false. In the absence of any such empirical representation, Plaintiff resorts to advancing a claim that "he expected" the burgers he received to look more, in his judgment, like the ones he supposedly saw in advertisements. *Id.* at 1; *see also e.g.,* Compl. ¶ 44 ("Mr. Chimienti expected the burgers that he purchased to be similar in size to the pictures of the burgers in Defendants' advertisements . . ."). Because governing precedent teaches that "'[d]eceptive acts' are defined objectively," Plaintiff's subjective expectations cannot form the basis of a viable claim. *Boule v. Hutton*, 328 F.3d 84, 94 (2d Cir. 2003); *see also Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26, 647 N.E.2d 741, 745 (1995) (adopting "an objective definition of deceptive acts" for GBL § 349).

Plaintiff's theory likewise fails because it does not address the reality that consumer deception claims require an analysis of the advertising in its full context. *See Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 501 (2d Cir. 2020) ("[T]his Court has repeatedly observed that 'in determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial.'") (citation omitted); *see also Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) (same). Brushing aside this basic rule, which Wendy's Motion to Dismiss repeatedly emphasizes, Plaintiff's Opposition never confronts the indisputable fact that

- 1 -

none of the advertisements cited in the complaint makes any objective statement about the size of the beef patties or toppings on Wendy's burgers. Although one of the only two ads that appear in Plaintiff's complaint **specifically identifies the pre-cooked weight of the burger**, Plaintiff never identifies that representation as either false or misleading. *See* ECF 26 ("Mot.") at 7. Indeed, Plaintiff's Opposition fails to address this point and thereby effectively abandons any notion that the challenged advertisements viewed in full context could deceive a reasonable consumer. Conclusions and labels based on Plaintiff's alleged subjective expectations do not suffice.

For these and the other reasons set forth in the Motion and discussed below, the Court should dismiss the complaint against Wendy's. Based on the fundamental deficiency of Plaintiff's legal theory, and counsel's indication that he would not amend the complaint, the Court should dismiss Plaintiff's complaint against Wendy's with prejudice.

## II.     ARGUMENT

### A.     Plaintiff's Consumer Protection Claim (Count I) Fails Because the Complaint Does Not Plausibly Allege a Deceptive Act or False Advertising.

Plaintiff attempts to sidestep the lead argument in Wendy's Motion about the implausibility of his claim given the full context of the challenged advertising by asserting that this question simply "cannot be determined as a matter of law." Opp. at 4. This contention runs into a brick wall of Second Circuit precedent, which holds in the plainest of terms "that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink*, 714 F. 3d at 741 (affirming dismissal of false advertising claim pursuant to a Rule 12(b)(6) motion); *see also, e.g.*, *Chufen Chen*, 954 F. 3d at 500–01 (citing *Fink* and affirming a Rule 12(b)(6) dismissal of false advertising claims related to beef sandwich products, explaining that the "advertisements were not actionable under either GBL provision as a matter of law" after considering the imagery used in the ads).

Indeed, the very authorities that Plaintiff cites as support for his constrained understanding of the reasonable consumer standard actually undermine it. Plaintiff begins by citing *Fink*, but that case directly contradicts his argument. Opp. at 3. On the same and following pages of his Opposition, Plaintiff also cites multiple district court opinions recognizing their power to assess an advertisement through the lens of a "reasonable consumer" as a matter of law. *See, e.g.*, *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826 MKB, 2015 WL 5579872, at *15 n.17 (E.D.N.Y. Sept. 22, 2015) (explaining that "the reasonable consumer prong" of a consumer deception claim "may be capable of resolution as a matter of law"); *see also Atik v. Welch Foods, Inc.*, No. 15CV5405MKBVMS, 2016 WL 5678474, at *10 (E.D.N.Y. Sept. 30, 2016) (collecting cases that dismissed claims as a matter of law); *In re Frito Lay North America, Inc. All Natural Litigation*, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *15 (E.D.N.Y. Aug. 29, 2013) ("[d]iscussing cases where a court did conclude, as a matter of law, that no reasonable consumer would be deceived by a product's labeling").

Plaintiff admittedly cites some authority in which detailed factual allegations precluded dismissal by establishing a plausible basis for the confusion of reasonable consumers. *See, e.g.*, *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (denying motion to dismiss because, "plaintiffs cite[d] to clinical studies that allegedly support their allegation"); *see also, e.g., Shalikar v. Asahi Beer U.S.A., Inc.*, No. LA CV17-02713JAK (JPRx), 2017 WL 9362139, at *8 (C.D. Cal. Oct. 16, 2017) (denying motion to dismiss because complaint pleaded the existence of cognizable objective evidence of confusion by consumers "who viewed the Product or its packaging"). The instant case presents no similar factual allegations that would warrant hesitation in determining a reasonable consumer's understanding of the challenged advertising as a matter of

law. To the contrary, Plaintiff's claim is expressly tied to his own[1] subjective expectations in the absence of any objective misstatements by Wendy's, empowering this Court to determine as a matter of law that the challenged advertisements would not mislead a reasonable consumer. *See, e.g.*, *Wynn v. Topco Assocs.*, No. 19-CV-11104 (RA), 2021 WL 168541, at *4 (S.D.N.Y. Jan. 19, 2021) (dismissing GBL claim based on a product's vanilla flavor arising from a source other than real vanilla because the "front label makes no representations whatsoever about the source of the vanilla flavor or the ingredients constituting it").

Moreover, in this case, Plaintiff intentionally omitted from his complaint the full context of the challenged website advertising—specifically, words accompanying the images he cropped into his complaint that clearly disclose the pre-cooked weight of the burgers and that fully and accurately describe their toppings. *See* Mot. at 7. Plaintiff responds to these observations by protesting that "consumers cannot be expected to view Wendy's website prior to purchasing any menu items" (Opp. at 5), ignoring the fact that ***Plaintiff himself cited to those same images he cropped from the website*** (*see* Compl. at ¶¶ 4 & 14). The law empowers the Court to consider the full context in resolving the pending motion.

This case thus does not present circumstances like those Plaintiff cites in his Opposition, in which consumers had to examine the back or side panels of product packaging to find the clarifying disclosures. *E.g.*, *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018). Rather, Wendy's displayed key information about the pre-cooked weight and toppings of its burgers

---

[1] Plaintiff's cherry-picking of a handful of unauthenticated anecdotes from purported online reviews is insufficient to plead plausible deception of the objectively reasonable consumer. *Jessani v. Monini N. Am., Inc.*, 744 Fed. Appx. 18, 19 (2d Cir. 2018) (affirming dismissal because "plaintiffs must do more than plausibly allege that [advertising] might conceivably be misunderstood by some few consumers"). And Plaintiff does not and cannot allege that any of these online reviews reflect either the perspective of a reasonable consumer or even subjective expectations equivalent to Plaintiff's. *See* Mot. at 10 n.6.

directly next to the very advertising images Plaintiff cropped to paste into his complaint. *See* Mot. at 7. In ignoring this fact, Plaintiff ran afoul of the rule announced by the *Fink* court when it affirmed the dismissal of another false advertising claim: "A plaintiff who alleges that he was deceived by an advertisement may not misquote or misleadingly excerpt the language of the advertisement in his pleadings and expect his action to survive a motion to dismiss." 714 F.3d at 742. This is particularly so where "the allegations of the Complaint are materially inconsistent with the sole advertisement Plaintiffs have submitted." *Id*. This rule dooms Plaintiff's claim.

### B. Plaintiff's Consumer Protection Claim (Count I ) Fails Because the Challenged Advertisements Are Non-Actionable Puffery.

Wholly apart from the reasonable consumer standard, a court may determine as a matter of law that a challenged advertising statement is puffery.[2] *See, e.g.*, *Davis v. Avvo, Inc.*, 345 F. Supp. 3d 534, 542 (S.D.N.Y. 2018); *Duran v. Henkel of America, Inc.*, 450 F. Supp. 3d 337, 346–47 (S.D.N.Y. 2020) ("Statements that are mere puffery cannot support a claim under GBL §§ 349 or 350, and thus '[c]ourts can determine that a statement is puffery as a matter of law.'") (quoting *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 241 (S.D.N.Y. 2020)). Plaintiff contests neither this point nor Wendy's authority confirming that the images of its burgers constitute puffery. For example, Plaintiff completely ignores the holding in a similar case that "[a]ssuming, arguendo, that the depictions of fruit on Defendant's product labels constitute misrepresentations, ***Plaintiffs cannot establish reasonable reliance on such depictions because***

---

[2] This proposition was set forth in Wendy's Motion to Dismiss (*see* Mot. at 11), not disputed in Plaintiff's Opposition, and therefore effectively conceded. *See, e.g.*, *Belfon v. Credit Check Total Consumerinfo.com, Inc.*, No. 2:18-CV-00408 (ADS)(SIL), 2018 WL 4778906, at *8 (E.D.N.Y. Oct. 1, 2018) ("District courts in this circuit have found that '[a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims.'"); *see also Frey v. Bekins Van Lines, Inc.*, 748 F. Supp. 2d 176, 182 (E.D.N.Y. 2010).

***they constitute mere puffery***." *McKinniss v. Sunny Delight Bevs. Co.*, No. CV 07-02034-RGK (JCx), 2007 WL 4766525, at *5 (C.D. Cal. Sept. 4, 2007) (emphasis added).

Although Plaintiff briefly addresses *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032 (N.D. Cal. 2015), his effort to shrug it off—by noting that it "did not concern an affirmative explicit representation of the size of the product" (Opp. at 11)—applies equally here. Indeed, as though it were addressing Plaintiff's allegations in this case, the *Workman* court granted a motion to dismiss by observing that the challenged advertising images "contain[ed] no affirmative misrepresentations" as "all of the items pictured are actually present in the product." 141 F. Supp. 3d at 1035. That court further explained that "a reasonable consumer would simply not view pictures on the packaging of a puree pouch or box of fruit bars and assume that the size of the items pictured directly correlated with their predominance in the blend." *Id*. Likewise, no reasonable consumer would look at the images of the burgers that Plaintiff challenges and make assumptions that the size of the patty and toppings in every ordered burger would somehow equate precisely to what is depicted in those images.

Contrary to Plaintiff's suggestions to this Court, the images of Wendy's burgers that Plaintiff pasted into his complaint convey no specific or objective representation regarding the "size of the beef patties and/or the amount of toppings." (Opp. at 2). What they depict is instead non-actionable puffery. *Fishon v. Peloton Interactive, Inc.*, No. 19-CV-11711 (LJL), 2020 WL 6564755, at *6 (S.D.N.Y. Nov. 9, 2020) (defining puffery as "exaggerated general statements that make no specific claims on which consumers could rely" and "a subjective statement or claim that cannot be proven true or false"). Dismissal is accordingly warranted.

### C.      Plaintiff's Common Law Claims Fail as a Matter of Law.

Plaintiff's Opposition likewise fails to save his common law claims. Although he explicitly withdraws, at least, his claim for negligent misrepresentation, Plaintiff implicitly abandons all his

common law claims by failing to address substantively any of Wendy's arguments or the legal authority supporting them. *See Belfon*, 2018 WL 4778906, at *8; *Frey*, 748 F. Supp. 2d at 182. Moreover, the arguments Plaintiff advances lack the support of governing law.

For example, Plaintiff contends that his breach of contract claim is appropriately premised on the challenged advertisements, which he characterizes as an offer conveying all "essential terms," including "actual photographs of what the products looked like." Opp. at 13. Once again, the Second Circuit has established a rule in conflict with this notion, explaining that "[a]dvertisements are mere notices and solicitations for offers," and therefore do not constitute actual offers. *Trell v. Am. Ass'n for Advancement of Sci.*, 310 F. App'x 447, 447–48 (2d Cir. 2009) (quoting *Mesaros v. United States,* 845 F.2d 1576, 1580 (Fed. Cir. 1988)); *see also Leonard v. Pepsico, Inc.*, 88 F. Supp. 2d 116, 122 (S.D.N.Y. 1999), *aff'd,* 210 F.3d 88 (2d Cir. 2000) ("The general rule is that an advertisement does not constitute an offer."). Separately, Plaintiff's argument that the purported contract terms conveyed by the challenged images are "what the products looked like" is something he does not plead in the complaint and thus cannot save the claim. *See Uddoh v. United Healthcare*, 254 F. Supp. 3d 424, 429 (E.D.N.Y. 2017) ("A plaintiff . . . is not permitted to interpose new factual allegations or a new legal theory in opposing a motion to dismiss, let alone new allegations that contradict the allegations in their pleading.").

Plaintiff also dooms his contract claim by admitting that he does not know whether the store he visited is owned by Wendy's or a franchisee (*see* Opp. at 14), which deprives him of the ability to plausibly plead having formed a contract with Wendy's. *See Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 625 (S.D.N.Y. 2013) (dismissing breach of contract claim where complaint failed to identify the "parties to these alleged contracts," and the contract's "material" or "express or implied" terms). Because Plaintiff's complaint does not allege necessary facts

regarding the existence of any purported contract or its terms, his claim fails. *See Belfon*, 2018 WL 4778906, at *6 ("The failure to identify the contract-at-issue precludes the Court from determining whether the parties entered into a contract in the first place.").

Plaintiff similarly fails to support his unjust enrichment claim, and instead merely cites to his allegations in the complaint and contends that he may plead this claim "in the alternative." Opp. at 14. This misses the point. Plaintiff's unjust enrichment claim fails because he identifies no actionable misrepresentation to satisfy the element that any enrichment is "unjust," and because the claim remains improperly duplicative. *See Axon v. Florida's Nat. Growers, Inc.*, 813 F. App'x 701, 706 (2d Cir. 2020) ("[W]hile it is true that a plaintiff may plead unjust enrichment in the alternative to a breach of warranty claim, the unjust enrichment claim here fails . . . [because Plaintiff] has not alleged a fraud that would render [defendant's] enrichment 'unjust.'"); *Devey v. Big Lots, Inc.*, No. 21-CV-6688L, 2022 WL 6827447, at *3, *9 (W.D.N.Y. Oct. 12, 2022) (dismissing unjust enrichment claim based on false advertising where plaintiff failed to plead a material misrepresentation and the claim was duplicative); *see also* Mot. at 15–16 (citing cases where courts dismiss similar unjust enrichment claims). For these reasons, the Court should dismiss all Plaintiff's common law claims.

> **D.     The Court Should Dismiss Purported Claims of Absent Class Members for Lack of Statutory Standing and Failure of Due Process.**

Plaintiff also fails to address Wendy's arguments regarding absent class-members, merely protesting that it is premature to deal with the issue. But Wendy's cites controlling authority that treat these claims as legally deficient and thus susceptible to dismissal now.

Plaintiff asserts that he "need only establish that he has standing to pursue his own claim" at this stage. Opp. at 15. But this conflates statutory standing with Article III standing even though "the questions of Article III, statutory, and class standing a[re] distinct." *In re LIBOR-Based Fin.*

*Instruments Antitrust Litig.*, 27 F. Supp. 3d 447, 481 (S.D.N.Y. 2014); *see also Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016) (explaining that "'statutory standing' in fact is not a standing issue, but simply a question of whether the particular plaintiff 'has a cause of action under the statute'"). The time is right to conclude that Plaintiff lacks any claims under the non-New York state consumer protection statutes because they protect only residents or persons who suffer injuries within or closely connected to the promulgating states. Courts thus regularly dismiss putative nationwide class claims at the pleading stage where the Plaintiff lacks statutory standing. *See, e.g.*, *Gibson v. Bartlett Dairy, Inc.*, No. 20-CV-2848 (NGG) (SJB), 2022 WL 784746, at *9 (E.D.N.Y. Mar. 14, 2022) ("Plaintiff, a New Yorker, cannot plead a class action claim under CUTPA."); *Chavez v. Wal-Mart Stores, Inc.*, No. CV 13-6429-GHK (PJWx), 2014 WL 12591252, at *3 (C.D. Cal. June 2, 2014) ("Because Plaintiff does not allege that her purchase has any connection to any state other than California, she lacks statutory standing to bring a claim under [other[ consumer protection statutes."); Mot. at 13–14 (collecting cases).

Dismissal of Plaintiff's claims under non-New York consumer protection statutes is separately warranted because they are insufficiently pled, as Plaintiff "does little more than list a couple dozen state statutes in alphabetical order by state, without pleading any of their elements." *In re Aluminum Warehousing Antitrust Litig.*, 833 F.3d 151, 163 (2d Cir. 2016). Plaintiff does not even respond to this point, effectively conceding its validity. *See Frey*, 748 F. Supp. 2d at 182 ("Plaintiffs have not responded to this argument, and the court therefore deems the matter to be conceded.").

Plaintiff separately fails to address Wendy's argument that he lacks Article III standing to seek injunctive relief, and thus abandons such injunctive relief for himself and the class. *See Belfon*, 2018 WL 4778906, at *8; *see also Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555,

565 (S.D.N.Y. 2016) ("[B]ecause [Plaintiff] does not individually have standing to seek injunctive relief, he does not have standing to seek injunctive relief on behalf of a putative [class].").

Plaintiff also fails to address Wendy's argument regarding the Court's lack of personal jurisdiction over the claims of non-resident class members. *See* Mot. at 19–25. In *Chufen Chen*, the Second Circuit affirmed the dismissal of claims of named class members at the pleading stage. It is not premature to address this issue, particularly given the due process considerations. *E.g., In re Dental Supplies Antitrust Litig.*, 2017 WL 4217115, at *9 (E.D.N.Y. Sep. 20, 2017) ("The constitutional requirements of due process does not wax and wane when the complaint is individual or on behalf of a class."). There is no basis to conclude that due process permits a court to adjudicate claims of absent class members when *Chufen Chen* has already held that it cannot adjudicate the same claims of the same parties who willingly appear as named class members. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999) ("[N]o reading of [Rule 23] can ignore the [Rules Enabling] Act's mandate that 'rules of procedure 'shall not abridge, enlarge or modify any substantive right.'"). Plaintiff thus effectively abandons any notion that this Court may exercise personal jurisdiction over non-resident, putative class members. *See Frey*, 748 F. Supp. 2d at 182.

## III. CONCLUSION

For the foregoing reasons and as fully set forth in Wendy's Motion, this Court should grant Wendy's Motion to Dismiss and dismiss Plaintiff's complaint in its entirety.

Dated: November 21, 2022

Respectfully submitted,

*s/ Adam R. Fox*
Adam R. Fox (5082151)
**SQUIRE PATTON BOGGS (US) LLP**
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Telephone: (213) 624-2500
adam.fox@squirepb.com

Scott A. Kane (*Pro Hac Vice*)
**SQUIRE PATTON BOGGS (US) LLP**
201 E. Fourth St., Suite 1900
Cincinnati, OH 45202
Telephone: (513) 361-1200
scott.kane@squirepb.com

*Counsel for Wendy's International, LLC*