UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Justin Chimienti,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Wendy's International, LLC, and<br>McDonald's Corporation,<br><br>　　　　　Defendants. | Case No. 2:22-cv-02880-HG<br><br>The Honorable Hector Gonzalez |

# **JOINT [PROPOSED] PROTOCOL FOR THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION (ESI)**

Pursuant to the Court's August 23, 2022 Scheduling Order (ECF No. 22), Plaintiff Justin Chimienti ("Plaintiff") and Defendant McDonald's Corporation ("McDonald's") hereby provide the Court with the following joint proposed protocol governing the production of electronically-stored information ("ESI") in the above-captioned matter.

1.　Electronic documents and hardcopy documents (i.e., documents presently existing in written or paper form) shall be produced as PDF files, with each file labeled by Bates range. To the extent feasible, original document orientation shall be maintained (i.e., portrait-to-portrait and landscape-to-landscape). PDFs will show all text and images that are visible in the form in which the electronic document was last saved, except for portions that have been indicated as redacted. To the extent a document exists in a format which cannot be imaged or would be more difficult or burdensome to view as a PDF file, including but not limited to Excel spreadsheets, audio and/or video files, it shall be produced in native format with a placeholder slip-sheet.

2.　All documents must be assigned a Bates number that shall always: (1) be unique across the entire document production, (2) maintain a constant length (zero/0-padded) across the entire production, (3) contain no embedded spaces or special characters other than underscores,

backslashes, forward slashes and/or hyphens, and (4) be sequential within a given document. If one or more Bates numbers is skipped in a production, the producing party will so note in a cover letter or email accompanying the production or in a privilege log.

3. Responsive non-privileged electronic documents attached to an e-mail or electronic document, and hardcopy documents attached or appended to a hardcopy document, are to be produced contemporaneously and sequentially immediately after the parent document.

4. Exact duplicate copies of a communication ("De-Duplicated Copies") may be removed from production by the producing party, so long as at least one copy of the document is produced.

5. This Protocol is intended solely to address the format of document productions. Nothing in this Protocol is intended to affect the rights of any party to object to any requests or demand for production. Nothing in this Protocol shall constitute, or operate as, a waiver of any rights of any party to object to, or to avoid, discovery or disclosure, in whole or in part, under the laws of the United States, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of New York, this Court's Individual Rules and Practices, or any other applicable law, rule, or order.

6. Nothing in this Protocol establishes any agreement as to either the temporal or subject matter scope of discovery in the Action or as to the relevance or admissibility of any document. Nothing in this Protocol shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection or immunity from disclosure. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of hard-copy documents or ESI.

7. The parties agree that, in accordance with Federal Rule of Evidence 502(e), inadvertent disclosure of an otherwise privileged document or ESI does not operate as a waiver in other federal or state proceedings, regardless of any inquiry pursuant to Rule 502(b) or otherwise regarding the reasonableness of steps to prevent inadvertent disclosure. The parties will seek to

have this agreement reflected in an order of the Court pursuant to Rule 502(d).

8. In the event a party inadvertently produces document(s) or ESI that would otherwise be covered by the attorney-client privilege, the work product protection doctrine, or a comparable privilege or protection, that party may, promptly after discovering the inadvertent disclosure, request that the protected document(s) be returned. Upon such a request, there is a presumption that the applicable protection has not been waived. The notified party shall make no further use of the protected document(s) and shall return the purportedly protected document(s) within ten (10) working days (the "ten-day return period"). In the event that the notified party challenges the assertion of protection on any ground, including waiver, it shall do so within the ten-day return period following notice by letter to counsel for the party asserting protection, specifying the basis for the challenge. If, following a meaningful opportunity to meet and confer, the parties do not resolve the challenge the party challenging the claim of protection shall seasonably move to compel production of the disputed document(s). The notified party shall promptly return, sequester, or destroy and not use or disclose the document until the claim of protection is resolved by the Court.

9. A receiving party is under a good-faith obligation to notify the producing party of any produced document which appears on its face or in light of facts known to the receiving party to be potentially protected. Such notification shall not waive the receiving party's ability to subsequently challenge any assertion of privilege with respect to the identified document. The producing party shall request the protected document be returned in accordance with this Protocol within five (5) working days of being notified by the receiving party of the production of a potentially protected document by the receiving party if the producing party determines the document to be protected.

10. The parties shall make good faith efforts to comply with and resolve any differences concerning compliance with this Protocol. If a producing party, notwithstanding their good faith efforts, cannot comply with any material aspect of this Protocol or if compliance with such material aspect would be unreasonable, such party shall inform the receiving party in writing as to why compliance with the Protocol is impossible or unreasonable as soon as reasonably practicable. No

party may seek relief from the Court concerning compliance with the Protocol unless it has first conferred with the other party.

Respectfully submitted,

By: /s/ *James C. Kelly*
James C. Kelly (JK-9616)
The Law Office of James C. Kelly
244 5th Avenue, Suite K-278
New York, New York 10001
T: 212-920-5042
E: jkelly@jckellylaw.com

Mark Anthony Panzavecchia
Panzavecchia & Associates, PLLC
1000 Franklin Ave., Suite 204
Garden City, NY 11530
T: 516-965-2854
E: mark@panzavecchialaw.com

Anthony J. Russo, Jr., P.A.
d/b/a The Russo Firm
301 West Atlantic Avenue, Suite 0-2
Delray Beach, FL 33444
T: 844-847-8300
E: anthony@therussofirm.com

*Co-counsel for Plaintiff
and the proposed class*

By: /s/ *Kate Spelman*
Kate T. Spelman (*pro hac vice*)
JENNER & BLOCK LLP
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
kspelman@jenner.com

Elizabeth A. Edmondson (N.Y. Reg. 4705539)
1155 Avenue of the Americas
New York, NY 10036
Tel.: (212) 891-1600
eedmondson@jenner.com

Dean N. Panos (*pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
Tel.: (312) 222-9350
dpanos@jenner.com

Kelly M. Morrison (*pro hac vice*)
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
kmorrison@jenner.com

*Attorneys for Defendant
McDonald's Corporation*

**IT IS SO ORDERED:**

Dated: _____, 2022         By: _____
                                            The Honorable Hector Gonzalez
                                            United States District Judge