UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN CHIMIENTI,<br><br>                                  *Plaintiff*,<br><br>   v.<br><br>WENDY'S INTERNATIONAL, LLC, and McDONALD'S CORPORATION,<br><br>                               *Defendants*. | Case No. 2:22-CV-02880-HG<br><br>The Honorable Hector Gonzalez |

**STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFF
AND DEFENDANT WENDY'S INTERNATIONAL, LLC**

Upon consideration of the stipulation of Plaintiff Justin Chimienti "(Plaintiff") and Defendant Wendy's International, LLC ("Wendy's") (Plaintiff and Wendy's individually a "Party" and sometimes collectively the "Parties"), as evidenced by the endorsements of counsel below, and it appearing that during discovery the Parties will be exchanging confidential and competitively sensitive business information or other private and confidential information, and that nonparties subject to subpoena under Fed. R. Civ. P. 45 may also be requested to provide confidential information, and it otherwise appearing proper to do so, it is for good cause hereby **ORDERED** that the discovery in this action between the Parties, whether the information or documents are produced by, or elicited from, a Party or nonparties, shall be governed by the following terms:

    1.    **Definitions:** The following definitions apply to this Order:

        (a)    "Disclosing Party" means a Party or third-party that discloses Confidential Materials (as that term is defined further herein);

        (b)    "Receiving Party" means a Party or third-party that receives Confidential Materials from a Disclosing Party;

(c) "Third-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a party in this action.

(d) When used in this Order, the word "document" shall include, without limitation, all original, written, recorded, electronic or graphic materials, and all copies thereof, and also shall include electronically stored information ("ESI");

(e) "Action" as used in this Order refers to *Justin Chimienti v. Wendy's International, LLC, and McDonald's Corporation*, Case No. 2:22-cv-02880-HG, pending in the United States District Court for the Eastern District of New York; and,

(f) "Confidential" means any non-public, confidential and/or proprietary business information of a party or third-party that is contained in any document or witness testimony that the Disclosing Person may designate.

2. **Discovery Materials:** This Protective Order applies to all documents, testimony and information, produced, given, or filed in this action by the Parties, including interrogatory answers, responses to requests for admission, documents produced (whether produced by a Party or nonparties), expert reports, deposition testimony and transcripts (whether the testimony of party or third-party witnesses), and deposition exhibits, all of which are hereafter referred to as "Discovery Materials."

3. **Use Restriction:** Discovery Materials produced by a Disclosing Party shall be used by a Receiving Party only in connection with this Action.

4. **"Confidential" Designation:** If a Disclosing Party contends that certain Discovery Material it produces is Confidential, then that Disclosing Party (the "Designating Party") may designate the Discovery Material as "CONFIDENTIAL" ("Confidential Material") as provided in Paragraph 7. Confidential Material so designated shall be maintained by a

- 3 -

Receiving Party in confidence and shall not be given, shown, made available, or communicated in any way to anyone other than the following persons: (a) attorneys of record for the Parties in this Action and their partners, associates and regularly-employed staff, and supporting personnel to the extent necessary to render professional services in this action, and any duplicating, photocopying, document scanning/coding contractors and electronic discovery consultants engaged to assist counsel in this action; (b) persons who appear on the face of the Confidential Material as an author, addressee or recipient thereof; or persons who are shown to have prior knowledge of the contents of the document or thing, participated in events described or contained in the document or thing, or in whose files the document or thing was found; (c) independent consultants and experts (other than current employees of the Receiving Party) retained or specially employed for the purposes of this action who have first signed a Confidentiality Agreement in the form annexed hereto as Exhibit A (a copy of which shall be given to opposing counsel); (d) court reporters (provided that each is first advised of, and agrees to be bound by, the terms of this Protective Order); (e) this Court or a court with appellate jurisdiction, and court personnel, in the manner described in Paragraph 12; (f) the author or creator of the information; (g) any person shown to have received or provided the information, or to whom it is shown to have been disclosed prior to the commencement of this Action; and (h) the Parties and their officers and employees whose assistance is deemed reasonably necessary by counsel for that Party to assist counsel in this Action, provided that each is first advised of, and agrees to be bound by, the terms of this Protective Order.  Notwithstanding anything to the contrary in this Stipulated Protective Order, Discovery Materials designated by Wendy's as "Confidential" shall not be disclosed to Defendant McDonald's Corporation or its counsel.

5. **"Attorney's Eye's Only" Designation**. Any Discovery Materials that a Disclosing Party deems in good faith to be Confidential may be designated "Attorney's Eyes Only," as provided in Paragraph 7, if the Disclosing Party has a good faith basis to believe the Disclosing Party will risk significant or irreparable harm if the Confidential Material is seen by the Receiving Party and/or other parties on the same side of the case as the Disclosing Party. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL – ATTORNEY'S EYES ONLY." To the extent electronically stored information is produced in a format that does not permit the branding of the designation of the face of the document (*e.g.*, native Excel files or database exports), the Disclosing Party shall add the abbreviation "CONF - AEO" to the file name of such documents.  This designation shall not impair the rights of any Receiving Party to share information with their clients upon written consent of the Disclosing Party, which shall not be unreasonably withheld.  Notwithstanding anything to the contrary in this Stipulated Protective Order, Discovery Materials designated by Wendy's as "Attorney's Eyes Only" shall not be disclosed to Defendant McDonald's Corporation or its counsel.

6. **Advising Clients Concerning Confidential Materials:**  Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying on the examination of Confidential Materials.  However, in rendering such advice and otherwise communicating with the client, counsel shall not disclose the contents, substance, or source of any Confidential Materials, except as otherwise permitted by this Stipulated Protective Order.

7. **Designating Discovery Materials:** Documents containing Confidential Material must be marked as such at the time they are produced to a Receiving Party either by a stamped legend if it is a document, or on the disk, or other electronic media or file containing the

- 5 -

documents. Oral testimony containing Confidential Material elicited during a deposition may be designated as such by counsel orally on the record during the deposition or by written designation within thirty (30) days of the Designating Party's counsel's receipt of the deposition transcript (the "Review Period"). During the Review Period, the Parties shall treat the deposition transcript, in its entirety, as Confidential. Materials should be marked at the time a document or electronic information is produced, at the time an oral statement is elicited, or within the Review Period. Documents produced by a Third-Party that a Party reasonably believes contain information of the Party that qualifies for protection under this Order as Confidential may so designate such Third-Party documents by giving the other Party written notice of such designation within thirty (30) days of the Designating Party's receipt of those documents.

      8.     **Inadvertent Production of Privileged, Work-Product Protected, or Confidential Information:** The inadvertent production of Discovery Material which the Disclosing Party contends is privileged or work-product protected, or which the Disclosing Party inadvertently failed to designate as Confidential or Attorneys' Eyes Only at the time of production, shall not, in and of itself, be deemed a waiver of any privilege, protection, or confidentiality in this Action or any other action regardless of any analysis under Rule of Evidence 502(b) or any other considerations. The Parties agree not to assert that any such inadvertent production constitutes a waiver of privilege or work product protection.

When the Disclosing Party asserts a privilege or work product protection or otherwise designates a produced document as Confidential, the Parties shall adhere to the following procedures:

      a.    The Disclosing Party shall, within five (5) business days from discovery of the inadvertent disclosure, make a specific request (a) for the return of the

        inadvertently-produced privileged or work-product protected material, or (b) for the opportunity to designate the confidentiality of undesignated Discovery Materials (the "Inadvertent Disclosure Notice").

    b. The Receiving Party shall notify the Disclosing Party within ten (10) business days of receiving the Inadvertent Disclosure Notice whether it will agree to return or (at Receiving Party's discretion) destroy the subject material, or, in the case of confidential Discovery Materials, whether it will agree to designate those materials as confidential.

In the event of a dispute, either Party may seek relief from the Court; however, the Party or Third-Party making the inadvertent production shall bear the burden of proving that the Discovery Materials at issue should be treated as privileged or work-product protected material, or as Confidential Material. For purposes of this Stipulated Protective Order, the term "inadvertent" includes both material known to be privileged, work product, or confidential at the time of production but mistakenly produced and material not known to be privileged, work product, or confidential at the time of production but later determined to be privileged, work product, or confidential. Pending resolution of any such dispute, the Party that received the disputed Discovery Materials shall treat those Discovery Materials if they had been designated in the manner requested by the producing Party. This provision is in addition to the protections afforded under Rule 502(b) of the Federal Rules of Evidence regarding the inadvertent disclosure of attorney-client privileged information.

    9.    **Challenging a Designation:** A Party's or Third-Party's designation of Discovery Materials as Confidential Material or Attorney's Eyes Only may be challenged by any Receiving

Party. The Party or Third-Party making the designation shall bear the burden of proving that the Discovery Materials at issue should be treated as Confidential or Attorneys' Eyes Only.

10. **Reproduction Restrictions:** There shall be no reproduction of Discovery Materials (including Confidential Materials) except for the purpose of litigating this Action. As is reasonably necessary for this purpose, copies, excerpts, or summaries of Confidential Materials may be made and shown or given to those persons authorized pursuant to Paragraphs 4 and 5.

11. **Use and Sealing of Own Discovery Materials:** A Party or Third-Party may use its own Confidential Materials in any way. A Party or Third-Party may file its own Confidential Materials under seal. This Protective Order, however, does not prospectively authorize sealing of Confidential Materials filed in the judicial record; rather, a Party or Third-Party must apply for authorization to file its own Confidential Materials under seal in accordance with the procedures set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the Eastern District of New York's Steps for E-filing Sealed Documents, and this Court's Individual Motion Practices and Rules.

12. **Use at Deposition, Hearing, or Trial:** If Confidential Material of a Disclosing Party is used by a Receiving Party as a deposition exhibit or as an exhibit at any hearing or trial, the Disclosing Party may request that only persons authorized under this Protective Order to be given access to the designated Materials be present for the testimony given regarding that material. In the event of a dispute, the Party seeking to limit attendance at the deposition shall bear the burden of seeking relief from the Court. If Confidential Material of a Disclosing Third-Party is used by a Receiving Party as a deposition exhibit or as an exhibit at any hearing or trial, only persons authorized under this Protective Order to be given access to such Materials may be

- 8 -

present for the testimony given regarding that material unless otherwise authorized by the Disclosing Third-Party in writing in advance of the deposition, hearing or trial or as may be ordered by the Court.

13. **Disposition Upon Termination of Action:** Upon final termination of this action, including all appeals, the Parties shall assemble and return all Confidential Material, together with all copies thereof, to the producing Party or Third-Party, or shall destroy those Discovery Materials and provide a certification of destruction to the other Party; provided, however, that counsel of record may retain one copy of these Discovery Materials for their files.

14. **Adoption by Nonparty:** Counsel for the parties shall serve a true and complete copy of this Protective Order on any Third-Party on whom a discovery or trial subpoena is served. A Third-Party may consent in writing to be bound by this Protective Order, and upon such consent, shall be deemed a party to this Protective Order and subject to its terms and to the personal jurisdiction of this Court with respect to the interpretation and enforcement of this Stipulated Protective Order. The entry of this Protective Order upon the stipulation of the parties in no way limits any nonparty from seeking other or further relief from the Court.

15. **Exclusions from this Protective Order:** The restrictive disclosure and use provisions of this Protective Order shall not apply to any document or information that is, or during the litigation, becomes (a) of public record; (b) filed as a public record with the clerk of any federal or state court in other litigation except due to the inadvertence of counsel for a Party that is promptly cured; (c) filed with any federal or state agency, copies of which are required by that agency to be freely available in their entirety to the public; or (d) published in any other way; provided that such public filing or other publication has not occurred in violation of this Stipulated Protective Order or by violation of any other law.

16.     **Modification:**  Each Party shall have the right to apply to the Court to modify this Protective Order for good cause shown.

17.     **Duration:**  This Protective Order shall remain in full force and effect until modified by further order of the Court, and its terms shall survive the termination of this action unless otherwise modified by the Court.

18.     **Continuing Jurisdiction of the Court:**  After final determination of this litigation, the provisions of this Order shall continue to be binding, and the Court shall retain jurisdiction over the parties for enforcement of its provisions.

Entered this ___5th___ day of __December__, 2022.

>     */s/ Hector Gonzalez*
>     _____
>     Hon. Hector Gonzalez
>     United States District Judge

**STIPULATED & AGREED:**

/s/ James C. Kelly
James C. Kelly (JK-9616)
The Law Office of James C. Kelly
244 5th Avenue, Suite K-278
New York, New York 10001
T: 212-920-5042
E: jkelly@jckellylaw.com

Mark Anthony Panzavecchia
Panzavecchia & Associates, PLLC
1000 Franklin Ave., Suite 204
Garden City, NY 11530
T: 516-965-2854
E: mark@panzavecchialaw.com

Anthony J. Russo, Jr., P.A.
d/b/a The Russo Firm
301 West Atlantic Avenue, Suite O-2
Delray Beach, FL 33444
T: 844-847-8300
E: anthony@therussofirm.com

*Co-counsel for Plaintiff
and the proposed class*

/s/ Adam R. Fox
Adam R. Fox (5082151)
**SQUIRE PATTON BOGGS (US) LLP**
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Telephone: (213) 624-2500
adam.fox@squirepb.com

Scott A. Kane (*Pro Hac Vice*)
**SQUIRE PATTON BOGGS (US) LLP**
201 E. Fourth St., Suite 1900
Cincinnati, OH 45202
Telephone: (513) 361-1200
scott.kane@squirepb.com

*Counsel for Wendy's International, LLC*

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN CHIMIENTI,<br><br>                             *Plaintiff*,<br><br>  v.<br><br>WENDY'S INTERNATIONAL, LLC, and McDONALD'S CORPORATION,<br><br>                            *Defendants*. | Case No. 2:22-CV-02880-HG<br><br>The Honorable Hector Gonzalez |

**CONFIDENTIALITY AGREEMENT**

The undersigned, having read and understood the Stipulated Protective Order entered in this action governing and restricting the use and disclosure of Discovery Material and Confidential Discovery Material (as those terms are defined therein), hereby agrees to be bound by the terms thereof, and I will use such materials only for the purposes of this case, and I will make no use or disclosure of them other than as provided in the Stipulated Protective Order. I also agree to submit to the jurisdiction of the United States District Court for the Eastern District of New York, for the purpose of the enforcement of this order.

                                                             _____

Name (print): _____

Business: _____

Address: _____

              _____

Dated: _____